## E. N. HOWELL V. THE STATE.

No. 21333.  Delivered December 11, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

*L. H. Welch* and *Floyd Jones,* both of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is misapplication of public funds; the punishment, confinement in the penitentiary for seven years and six months.

Appellant entered a plea of guilty before a jury. He now contends that the evidence adduced by the State upon the trial shows his innocence. We are unable to agree with this contention. The proof on the part of the State was to the effect that appellant's accounts were short in approximately the sum of twenty thousand dollars. The State introduced appellant's vol-

untary statement, which, omitting the formal parts, reads as follows:

"My name is E. N. Howell. My address is Breckenridge, Texas. I am Tax Assessor and Collector of Stephens County and have been since January 1, 1935. On last Saturday, April 20, 1940, after 5:00 o'clock, Willie Cole, Assistant County Auditor of Stephens County, Texas, came to my office and brought the automobile license receipt books which they had been checking, and they had tabulated on adding machine paper the amount I was due Stephens County on account of the collection of auto registrations for 1940. I told him to come to my office Monday morning. He wasn't quite through with the books and said he would bring them down Monday morning. Monday morning, April 22, 1940, Willie Cole came to my office and brought the books, and I gave him one check for a few dollars over eleven thousand dollars and one check for three thousand and some dollars. These checks were drawn on the tax collected funds of the First National Bank of Breckenridge, Texas. I didn't know exactly what I had in the bank, but I didn't think I had that much. According to his figures there was fourteen thousand dollars due Stephens County, and I think that is about right.

"I am short about fourteen thousand dollars, and to the best of my knowledge this shortage has been accumulating for the last few years. The accounts are all carried in one account; that is, the ad valorem, automobile taxes and other tax collections. As to what I did with this money, I just lived it up. I was in debt about three thousand dollars when I went in office and I have paid that. I have no resources to pay the county this money.

"None of my office help knew anything about this shortage and none of them are responsible for it. I am solely responsible for it and I am the only one who ever drew any checks on the tax collecting fund."

We quote from Anderson v. State, 42 S. W. (2d) 1012, as follows: "Under the statute (Articles 501, 502, C. C. P.) governing the entry of a plea of guilty, the entry of the plea, after due admonition, is conclusive of guilt, unless the evidence introduced upon the trial makes manifest the innocence of the accused. Harris v. State, 76 Texas Cr. R. 126, 172 S. W. 975. Upon a plea of guilty, the hearing is, not to determine the guilt of the accused, but to enable the jury to assess the punishment. Garcia v. State, 91 Texas Cr. R. 9, 237 S. W. 279; Bennett v. State, 98 Texas Cr. R. 661, 267 S. W. 987."

The rule is different where the trial is before the court upon a plea of guilty. In that event, it is incumbent upon the State to introduce sufficient evidence showing the guilt of the accused. See Article 12, Vernon's Ann. C. C. P. of Texas.

Appellant's delinquent tax account showed a shortage of approximately $3,800. It appears from the record that, pursuant to an agreement with the commissioners' court, delinquent tax-payers had been permitted to make installment payments on the amounts that were due. It is appellant's contention that the money he received by virtue of such payments did not become public funds. He points out that Article 7345c, Vernon's Ann. Civ. St, had not been strictly complied with. Stated in another way, it is appellant's contention that the installment payments by the delinquent tax-payers had not been received by him as the agent of the county. We think this contention should be overruled. We quote from American Indemnity Company v. Mexia Independent School District, 47 S. W. (2d) 682, as follows: "The funds collected by Arrington were received by him by virtue of his office as tax collector and as taxes claimed to be due the district by the property owners for the use and benefit of the district, and it was his duty to account to the district for such funds, regardless of whether they were legally or illegally collected from the property owners. He was the agent of the district in collecting the taxes, and whatever came into his hands as such became the property of his principal. If any of such taxes were illegally collected from the property owners, the district and not Arrington would be responsible for a return thereof to the property owners. The district therefore became entitled to the funds regardless of whether they were legally collected from the property owners, and was entitled to recover from the collector's surety, upon his failure to account for said funds. Webb County v. Gonzales, 69 Texas 455, 6 S. W. 781; Tarrant County v. Rogers, 104 Texas 224, 135 S. W. 110, 136 S. W. 255; County of Galveston v. Galveston Gas Company, 72 Texas 509, 10 S. W. 583."

See, also, Oliver v. Lindsay, 125 S. W. (2d) 1097.

Failing to find reversible error, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for rehearing, assigns the same grounds of error as those upon which he relied for a reversal of the judgment of conviction upon the original submission of his appeal. He stresses his contention that delinquent taxes collected by a tax collector do not become public funds and are not received by the collector of taxes as the agent of the county. Art. 7345a, Sec. 2, Vernon's Ann. Civil Statutes, provides as follows: "If any person or company or corporation owning real estate in the State of Texas upon which taxes due to the State, county or any subdivision thereof, as named in Section 1 of this Act, are due and unpaid, shall deliver to the tax collector, whose duty under the laws of the State of Texas is to receive or collect said taxes, a duly executed written instrument authorizing another person, company or corporation to pay such taxes and to receive from such collector the tax receipt showing the payment of such taxes by such other person or company and describing therein the property upon which such taxes are due, and requesting therein that such tax collector, upon the payment of such taxes, issue to such person or company so paying the same a tax receipt, etc."

It will be observed from the foregoing article, that regardless of the general law which places the duty of the collector of taxes to collect the same, this article not only recognizes the legal duty of the collector to collect delinquent taxes but expressly make it his duty to do so. Consequently we are constrained to adhere to our original opinion.

We have again reviewed the other errors complained of but see no good reason to recede from our original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.