JESSE HANCOCK V. THE STATE.

No. 21531. Delivered April 30, 1941.

The opinion states the case.

L. E. King, of Hemphill, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State, on submission.

KRUEGER, Judge.

Felony theft is the offense. The punishment assessed is confinement in the penitentiary for two years.

Appellant pleaded guilty and waived a trial by a jury. In such cases the statute, Art. 12, C. C. P., as amended by Acts 1931, 42nd Leg., p. 65, chap. 43, sec. 3, requires that:

"It shall be necessary for the State to introduce evidence

into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

See Howell v. State, 146 S. W. (2d) 747.

The sufficiency of the evidence to show appellant's guilt is challenged. A chest of mechanic's tools was stolen from the automobile of Jim Mills while it was unattended. Their value exceeded $50.00. The tools were subsequently found in the possession of a junk dealer by the name of Woods, who was not used as a witness. Appellant's connection with the tools is shown alone by the testimony of the witness Baker, who testified that about the time of the theft he saw the appellant and another party in possession of a set of tools which appellant told him had been taken from Mills' car. He saw appellant hide them in some bushes in the woods. About a week later appellant took the tools and sold them to Mr. Woods, a junk dealer, for three dollars and gave Baker half of it and "we spent that money." The witness denied any participation in the taking of the property or being present when same was taken. The question at issue is whether the witness was an accomplice as a matter of law. If so, the testimony is insufficient because of the absence of corroboration.

In the case of Walker v. State, 37 S. W. 423, it was held that one who, knowing that a cow had been stolen, accepted some of the meat after the cow had been butchered by one of the thieves was an accomplice. This holding has been followed in the cases of Johnson v. State, 125 S. W. 16; Newton v. State, 253 S. W. 284, and Garza v. State, 69 S. W. (2d) 110. Such holding is applicable and controlling here.

Because of the insufficiency of the evidence to support the conviction, the case is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.