**Roger Paul BARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54330.**

Court of Criminal Appeals of Texas.

March 1, 1977.

Gene L. Dulaney, Snyder, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

Appellant was convicted of aggravated kidnapping. The conviction followed appellant's guilty plea before the court, a jury having been waived. Punishment was assessed at imprisonment for fifteen (15) years and one (1) day, and this appeal followed.

The indictment consisted of two counts, each purporting to charge the offense of aggravated kidnapping.[1] At the conclusion of the evidence, the court found appellant guilty without designating under which count of the indictment that determination was made.[2] Since we find the evidence insufficient to sustain a conviction under either count, the judgment must be reversed and the cause remanded.

---

1. In view of our disposition of this case, we find it unnecessary to discuss whether either or both counts of the indictment properly alleged the offense of aggravated kidnapping. Compare Sec. 20.04, New Texas Penal Code Forms.

2. Aggravated kidnapping can be a first or second degree felony. See V.T.C.A., Penal Code, Sec. 20.04, and *Smith v. State,* 541 S.W.2d 831 (Tex.Cr.App.1976). It is better practice that a finding be made as to the degree

The evidence to support the guilty plea was stipulated.[3] The sole evidence of the facts of the case was that contained in the written affidavit of Trooper Keith Pherigo of the Texas Highway Patrol. This affidavit detailed the events immediately before and after the attack on and abduction of Pherigo by three men and one woman at the Scurry County Courthouse on December 8, 1975. However, appellant is nowhere identified as one of the attackers or abductors; and, there is no other evidence in the record to connect appellant with the attack on Pherigo or his abduction.

Art. 1.15, Vernon's Ann.C.C.P., mandates that, in a non-jury, non-capital felony trial, "it shall be necessary for the State to introduce *evidence* into the record showing the *guilt of the defendant* . . . ." (Emphasis supplied.) This has long been true even in cases where the guilty plea was before the court. In *Edwards v. State*, 463 S.W.2d 733 (Tex.Cr.App.1971), this court wrote:

> ". . . A plea of guilty before the court in a non-capital felony case constitutes an admission of guilt but it alone does not authorize conviction when a jury trial is waived. The burden remains upon the State to introduce sufficient evidence to show the guilt of the accused and all necessary elements of the offense. *Hesbrook v. State*, 149 Tex.Cr.R. 310, 194 S.W.2d 260, 262; *Burks v. State*, 145 Tex. Cr.R. 15, 165 S.W.2d 460."

See also *Martin v. State*, 491 S.W.2d 421 (Tex.Cr.App.1973); *Salinas v. State*, 478 S.W.2d 538 (Tex.Cr.App.1972); *Fitzsimmons v. State*, 471 S.W.2d 858 (Tex.Cr.App. 1971); *Rodriquez v. State*, 442 S.W.2d 376 (Tex.Cr.App.1969); *Crawford v. State*, 161 Tex.Cr.R. 554, 278 S.W.2d 845 (1955); *Hancock v. State*, 141 Tex.Cr.R. 568, 150 S.W.2d 385 (1941); *Howell v. State*, 140 Tex.Cr.R. 627, 146 S.W.2d 747 (1941); *Franklin v.*

*State*, 140 Tex.Cr.R. 251, 144 S.W.2d 581 (1940); *Spivey v. State*, 140 Tex.Cr.R. 107, 143 S.W.2d 386 (1940).

Since the evidence in the instant case is insufficient to support the judgment, the judgment is reversed and the cause remanded.

---

of the aggravated kidnapping committed and such be incorporated in the judgment and sentence.

**3.** The judgment contains the recitation that appellant "in open court, in writing, . . . waived . . . the appearance, confronta-

tion and cross-examination of witnesses, and agreed that the evidence . . . be stipulated," etc. However, no such written waiver appears in the record. See *Hughes v. State*, 533 S.W.2d 824 (Tex.Cr.App.1976); *Rodriguez v. State*, 534 S.W.2d 335 (Tex.Cr.App.1976).