Henry Earl MOON, Appellant,

v.

The STATE of Texas, Appellee.

No. 54352.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 4, 1978.

Ealy A. Bennett, Moncie Rasmus, Jr.,
Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus and Gerard Guerinot, Asst. Dist. Attys.,
Houston, for the State.

## OPINION ON THE STATE'S MOTION FOR REHEARING

DALLY, Judge.

The majority of the Court now adopts for its opinion the dissenting opinion on original submission. The "straw man" argument presented, the assumptions made, and the discussions concerning the voluntariness of the plea, in the opinion concurring in part and dissenting in part, are wholly irrelevant. The record reflects that the appellant was carefully admonished concerning his guilty plea and that his constitutional rights were fully protected, but in view of the opinion concurring in part and dissenting in part a portion of the record will be incorporated in an appendix to this opinion. This portion of the record shows the appellant was fully and completely admonished and that he was accorded due process.

The State's Motion for Rehearing is granted; the judgment is affirmed.

ODOM, Judge, dissenting.

Judge Carl Dally, a commissioner for this Court, submitted a proposed opinion affirming this conviction. I adopt his opinion as my dissent.

"The appellant asserts that the evidence is insufficient to sustain his conviction for murder and his plea of guilty should have been withdrawn and a plea of not guilty

should have been entered for him by the trial court. Although the appellant made a judicial confession sufficient to sustain the conviction for murder, additional evidence, which was not withdrawn, clearly raises the issue of self-defense and voluntary manslaughter. Therefore, the only question presented for review is whether the appellant's plea of guilty should have been withdrawn by the court and a plea of not guilty entered.

"In a long line of authorities this Court has held that when the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required on its own motion to withdraw the defendant's guilty plea or nolo contendere plea and enter a not guilty plea for the defendant. E. G. *Harris v. State* [76 Tex.Cr.R. 126], 172 S.W. 975 (Tex.Cr.App.1915); *Edwards v. State* [134 Tex.Cr.R. 153], 114 S.W.2d 572 (Tex.Cr.App.1938); *Navarro v. State* [141 Tex.Cr.R. 196], 147 S.W.2d 1081 (Tex.Cr.App.1941); *Rayson v. State* [160 Tex.Cr.R. 103], 267 S.W.2d 153 (Tex.Cr.App. 1954); *Fite v. State* [163 Tex.Cr.R. 279], 290 S.W.2d 897 (Tex.Cr.App.1956); *Richardson v. State* [164 Tex.Cr.R. 500], 300 S.W.2d 83 (Tex.Cr.App.1957); *Edworthy v. State*, 371 S.W.2d 563 (Tex.Cr.App.1963); *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968); *Swanson v. State*, 447 S.W.2d 942 (Tex.Cr.App.1969); *Hays [Hayes] v. State*, 484 S.W.2d 922 (Tex.Cr.App.1972); *Lee v. State*, 503 S.W.2d 244 (Tex.Cr.App.1974); *Lewis v. State*, 529 S.W.2d 550 (Tex.Cr.App.1975); *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App. 1976); *Woodberry v. State*, 547 S.W.2d 629 (Tex.Cr.App.1977); *Malone v. State*, [548] S.W.2d [908] ([Tex.Cr.App.] No. 54065, 4/6/77). This rule has been recognized and applied even when a jury has been waived and the plea is before the court without a jury. *Burks v. State* [145 Tex.Cr.R. 15], 165 S.W.2d 460 (Tex.Cr.App.1942); *Gonzales v. State*, 480 S.W.2d 663 (Tex.Cr.App.1972); *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App. 1974); *Trevino v. State*, 519 S.W.2d 864 (Tex.Cr.App.1975); *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App.1976); *Sanchez v. State*, 543 S.W.2d 132 (Tex.Cr.App.1976).

"Prior to January 1, 1966, the effective date of the 1965 Code of Criminal Procedure, the rule was properly applied when the jury had been waived and a plea of guilty entered before the court as well as when a plea of guilty had been entered before a jury. Prior to the effective date of the 1965 Code of Criminal Procedure, a defendant could not waive a jury and enter a plea of not guilty before the court. Article 11, V.A.C.C.P. 1925. If the defendant waived a jury trial and entered a plea of guilty before the court and it became necessary for the court to withdraw the defendant's plea of guilty, the court was required to impanel a jury to hear the not guilty plea. This is explained in the opinion in *Burks v. State* [145 Tex.Cr.R. 15], 165 S.W.2d 460 (Tex.Cr.App.1942).

"The 1965 Code of Criminal Procedure provides that a defendant may waive a jury trial and enter a plea of not guilty before the court in all except capital cases. Articles 1.13 and 1.14, V.A.C.C.P. There now seems to be no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty. It would serve no purpose to withdraw the plea of guilty and enter a not guilty plea. Those cases in which this Court has reached a different result are overruled to the extent they conflict with the opinion in this case."

The judgment should be affirmed.

DOUGLAS, J., joins this dissent.

### APPENDIX

THE COURT: All right, sir, you are Henry Earl Moon?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Moon, in Cause No. 230,232 it is alleged by an indictment that reads: "In the name and by authority of the State of Texas, the Grand Jury of Harris County, State of Texas, duly organized at the May term, 1975, of the 176th District Court of said county, in said court, at said term, do present in the County of Harris and the State of Texas, one Henry Earl Moon, hereafter referred to as the Defendant, heretofore on or about June the 15th, 1975, did then and there intentionally and knowingly cause the death of Theodore Thomas Kelly, Jr. by stabbing and cutting him with a knife.

"Against the peace and dignity of the State." Signed Foreman of the Grand Jury.

Sir, to this indictment, how do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Sir, let me ask you this: As to all of these offenses, the indictment that the Court read, as well as the other two, are you pleading guilty, because you are guilty and not because of any promises, not because of any fear, not because of any persuasion on the part of your attorney, the district attorney, your friends or relatives, or any delusive hope or idea that you would have a better chance of getting a pardon or parole? But are you pleading guilty, strictly because you are guilty; for none of the reasons enumerated or outlined or any other reason, except the fact that you are guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Sir?

THE DEFENDANT: Yes, sir.

THE COURT: You are pleading guilty, because you are guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Not because of any other reason?

THE DEFENDANT: Yes, sir.

THE COURT: Sir, do you understand your right of a trial by jury?

THE DEFENDANT: Yes, sir.

THE COURT: Do you want a trial by jury in any one of these three cases?

THE DEFENDANT: Yes, sir.

THE COURT: You do want a trial by jury?

THE DEFENDANT: No, sir.

THE COURT: Well, now, you said yes, sir, and now you say no, sir. You understand you can have a trial by jury, or you can waive the trial by jury and proceed before the Court without the benefit of a jury.

What is your desire?

THE DEFENDANT: No, sir.

THE COURT: No, sir, what?

THE DEFENDANT: No jury.

THE COURT: No jury. You want to proceed and waive the jury and proceed before the Court; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right, sir. You understand that the penalty for the offense of murder, as you have pled guilty to, may be incarceration—that's locked up—in the Texas Department of Corrections—that's the penitentiary—for a period of not less than five years nor more than ninety-nine, or for life.

Do you understand the penalty for that offense?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that, in this case, the district attorney is not making any recommendation. The Court is going to—as I understand from your attorneys, they want the Court to secure a presentence investigation, to hear evidence concerning the alleged murder and take into consideration the offense reports and stipulations there will be in this case, and from that evidence, for the Court to make its determination as to the penalty to be assessed.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is that your agreement and your understanding?

THE DEFENDANT: Yes, sir.

THE COURT: Now, you are represented by Mr. Rasmus?

THE DEFENDANT: Yes, sir.

THE COURT: And what is your name?

MR. BENNETT: Ealy Bennett, Your Honor.

THE COURT: Bennett, that's right.

And by Mr. Bennett, both of whom are with you today. Have they been employed by you, or were they appointed by the Court?

THE DEFENDANT: Employed.

THE COURT: Are you satisfied with both of them as your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had ample opportunity to counsel with them and to advise with them, so that they are familiar with the circumstances concerning the alleged offenses and the incidents leading up to and that transpired in the commission of the offense, as well as your arrest?

THE DEFENDANT: Yes, sir.

THE COURT: Have they had ample opportunity to counsel with you and to find out everything that you knew about the case?

THE DEFENDANT: Yes, sir.

THE COURT: And do you have good sense?

THE DEFENDANT: Yes, sir.

THE COURT: Nobody ever said you were crazy, except in jest? Nobody ever said you were crazy; did they?

THE DEFENDANT: No, sir.

THE COURT: You feel that you are competent to stand trial at this time?

THE DEFENDANT: Yes, sir.

THE COURT: Now, you have filed with the Court several instruments; one of which is a stipulation of evidence, wherein you acknowledge that you understand you have a right to be confronted by your accusers and you and your attorney have the right to cross examine the witnesses. And you state you want to waive that right. Is this correct?

THE DEFENDANT: Yes, sir.

THE COURT: And you further state that you are agreeable to and consent to the oral stipulation of evidence, as well as to the introduction of affidavits, written statements of the witnesses and other documentary evidence, including this stipulation itself, wherein you acknowledge as being true all of the allegations set out in the indictment alleging the offense of murder. Is that your agreement, your stipulation and your understanding?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that, along with this stipulation, there is a waiver of a trial by jury? Is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: And likewise there is attached hereto numerous reports, offense reports and a motion for probation.

You understand that the district attorney is not recommending probation. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: You understand, to the contrary, that they are asking that you be given hard time. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that there is a voluminous amount of reports and statements and various other instruments attached to the stipulation of evidence in which you state, I understand, that that's agreeable for the Court to take into consideration as evidence in this case; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Now, I don't know what has been told you, but I am telling you that the district attorney is not recommending probation. And you understand, of course, that no one else has any authority to tell you that the Judge is going to give you probation, to get you to plead guilty. You understand the Court takes murder as a serious offense?

THE DEFENDANT: Yes, sir.

THE COURT: And until I hear the evidence and until I read the stipulations and all of the records that are attached to it and until such time as I can have a presentence investigation made, I certainly will not be in a position to assess any penalty. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: This is your signature on a waiver of a trial by jury?

THE DEFENDANT: Yes, sir.

THE COURT: In this you have got here, you are asking that the jury assess the punishment.

MR. RASMUS: Judge, I think that was filed prior to making an agreement in this matter. I think I filed all of those documents.

THE COURT: I have got a paper here in which you have asked the Court, upon your plea of guilty,—well, you have it styled a Defense motion at the time of entering a plea of not guilty. And this was in anticipation—

MR. RASMUS: Of trial.

THE COURT: And does he understand that you are withdrawing and asking the Court to assess the penalty in this regard?

MR. RASMUS: I have explained that to him and his family.

THE COURT: Do I understand this, Mr. Moon, that even though you have filed here a request that the jury assess the punishment, that is not your desire; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right, Mr. Rasmus, how long have you been representing the Defendant?

MR. RASMUS: Judge, I have been representing him, I would say, for the past year and a half.

THE COURT: And have you had ample opportunity to see him, to counsel with him, to advise with him?

MR. RASMUS: Definitely, Judge.

THE COURT: Are you satisfied that he is sane?

MR. RASMUS: Yes, sir.

THE COURT: You are satisfied that he is competent to stand trial?

MR. RASMUS: Yes, sir.

THE COURT: Do you know of any reason why I shouldn't accept his plea of guilty?

MR. RASMUS: At this time I do not, Your Honor.

THE COURT: And, Mr. Bennett, how long have you been representing the Defendant?

MR. BENNETT: Basically, Your Honor, about three months.

THE COURT: Have you had an opportunity to counsel and to advise with him?

MR. BENNETT: Yes, sir, Your Honor, I have.

THE COURT: Are you satisfied that he is sane?

MR. BENNETT: Yes, sir, Your Honor.

THE COURT: You are satisfied that he is competent to stand trial?

MR. BENNETT: Yes, sir, Your Honor.

THE COURT: Satisfied that he understands all of the rights that he is entitled to and the rights, particularly, that he is waiving? He is waiving a number of rights, the right to be confronted by his accusers,—

MR. BENNETT: Yes, sir, Your Honor.

THE COURT: —and the right to cross examine the witnesses and the right to have a jury trial. Does he understand he has these rights?

MR. BENNETT: Yes, sir, Your Honor.

THE COURT: You feel that he is freely and voluntarily waiving all those rights?

MR. BENNETT: Yes, sir, Your Honor.

THE COURT: And he is acknowledging that it is agreeable upon the Court accepting his plea of guilty, that this testimony will be by virtue of stipulations, by written statements which ordinarily might be inadmissible by virtue of some of them being hearsay and various other things, but that he is acknowledging in the stipulations that

they are a part of the stipulations to be entered into the record, for the Court to take into consideration in assessing his penalty?

MR. BENNETT: Yes, sir, Your Honor.

THE COURT: And the same thing is true as to the ordering of the presentence investigation, which I understand both Mr. Rasmus and yourself, as well as Mr. Moon, are asking the Court to accept his plea of guilty and then to reset the matter for the purpose of securing a presentence investigation. Is this your understanding?

MR. BENNETT: Yes, sir.

THE COURT: Is this your understanding?

MR. RASMUS: That is correct, Your Honor.

THE COURT: And this is your desire?

MR. MOON: Yes, sir.

THE COURT: All right, the Court will accept your plea of guilty in all three cases.
(State's Exhibit No. 1 was marked for identification purposes by the court reporter.)

MR. GUERINOT: Mr. Moon, let me show you what's been marked as State's Exhibit No. 1, Cause No. 230,232, which states that on June the 15th, 1975, in Harris County, Texas, you did intentionally and knowingly cause the death of Theodore Thomas Kelly, Jr. by stabbing him with a knife. Is that your signature on that instrument?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: Are all those facts true and correct?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: You realize that you are judicially confessing to the felony offense of murder?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: And have you had an opportunity to discuss all of this stipulation, the waiver of a trial by jury and all of the attachments to this stipulation; that is, the autopsy report, the offense report, your statement that you made to the officers and the statements of the other witnesses?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: Is that your signature which appears on this waiver of a trial by jury in a felony less than capital in Cause No. 230,232, wherein you state you wish to waive your constitutional right to a trial by jury and have the Court hear the evidence in this case?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: That's your signature?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: And that is your desire, to give up your constitutional right to a trial by jury?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: You realize you are waiving that right and asking the Court to hear the evidence in this case and to assess the punishment?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: It is also your agreement to introduce into evidence, along with these two documents, the formal stipulation of evidence, the waiver of trial by jury, all of these attachments; that is, the autopsy report and the offense report, pictures, drawings, diagrams, statements of all the witnesses.

THE DEFENDANT: Yes, sir.

MR. GUERINOT: Have you discussed this with your attorney fully?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: All of these documents that are in here? And is it your agreement and your understanding they are to be a part of this record for the purposes of not only your plea of guilty, but the sentence to be assessed?

THE DEFENDANT: Yes, sir.

MR. GUERINOT: Your Honor, at this time the State would offer into evidence State's Exhibit No. 1: The stipulation of evidence, the waiver of trial by jury, signed by the Defendant, Mr. Rasmus and myself, the autopsy report which is attached to the stipulation of evidence and the offense report which contains all of the details con-

cerning the murder, the diagrams, the statements of Mr. Moon, the statements of Freddy Lee Williams, Kenneth Celestine and numerous other notations which are made in the file.

THE COURT: All right, sir. Mr. Moon, stand up, please. Do I understand it is agreeable with the Defendant that the exhibits and stipulations be entered?

MR. RASMUS: It is, Your Honor.

THE COURT: And by the Defendant?

THE DEFENDANT: Yes, sir.

THE COURT: And by Mr. Bennett?

MR. BENNETT: Yes, sir.

THE COURT: All right, sir, the Court will order the exhibits and stipulations filed of record.

Is it my understanding there is no recommendation?

MR. GUERINOT: There is no recommendation as to the murder.

PHILLIPS, Judge, concurring.

Although not crystal clear, it is apparent that the doctrine requiring a trial court to sua sponte withdraw a guilty plea when evidence was adduced that either made evident the defendant's innocence or reasonably and fairly raised an issue as to his guilt was rooted upon the proposition that the trial court was vested only with the authority to resolve legal questions. The resolution of factual disputes was solely within the province of the jury prior to the 1965 codification of our criminal procedure. From the perspective of this Court, I cannot perceive that this case establishes any precedent of significant practical value. The reason for this conclusion is twofold. First, Article 44.02, V.A.C.C.P., as recently amended,[1] effectively forecloses our review

of the great majority of convictions obtained by way of a plea of guilty. Thus, whether the trial court abused its discretion in failing to withdraw a plea of guilty, should the prior rule have been continued, would seldom reach us. Second, were we to require that the guilty plea be withdrawn and a not guilty plea entered, our standard of review (in a light most favorable to the verdict) requires, for our purposes, only that some evidence be introduced on each element of the offense.

The United States Supreme Court has decided that the United States Constitution does not prevent the conviction of a defendant on a plea of guilty who simultaneously asserts his innocence. *Alford v. North Carolina,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). It is also clear that this Court has abdicated from the position expressed in *Garcia v. State,* 237 S.W. 279, that "The court is required to exercise great care in preventing the improvident entry of a plea of guilty . . . ." This is evident from the rulings of this Court which have held that a judicial confession couched in the same terms as the indictment is sufficient evidence to support a plea of guilty for purposes of Article 1.15, V.A.C.C.P. This retreat in principle has apparently been approved by the Texas Legislature in its decision to restrict appeals from pleas of guilty. See Article 44.02, V.A.C.C.P.

As a corollary to the presumption that in a trial before the court the judge will disregard any inadmissible evidence in reaching a decision on factual issues, the majority holds that the plea of guilty will have no material effect on the neutral and detached position the trial judge holds as arbiter of fact and law. I, too, have every confidence in the fairness of our trial judges, but also realize the heavy burdens they are forced to

1. "Article 44.02. Defendant may appeal. A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

work under.[2] Despite this burden and the demands of extrajudicial obligations taken on by this State's judicial officers, I commend the suggestion raised in my brother Roberts' opinion that whenever evidence is presented during the course of a guilty plea that makes the innocence of the accused evident or reasonably and fairly raises the issue, a more detailed inquiry be pursued. The reason for this is that had there been a plea bargain and previous arrangement to enter a plea of guilty, a part of that agreement should have been to foreclose the development of any defensive issues upon the entry of a guilty plea. When such evidence is raised, it may indicate a breakdown in communications between attorney and client and State. It might also be an indication that the defendant has not been adequately advised of the law as it relates to the facts of his case. This is a constitutional prerequisite to a voluntary and knowing plea of guilty. See *McCarthy v. U. S.*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Although it is true that the admonishments required under Article 26.13, V.A. C.C.P., were adequately given in the case at bar and are, as a general matter, adequately given in all guilty plea contexts, the trial judge is indeed the presiding officer of the trial and the one most responsible for seeing to it that due process is accorded each defendant that appears before him. Given today's decision and the recent enactment of Article 44.02, V.A.C.C.P., the implementation of these suggestions and procedures is left solely within the province of the trial court.

Since the procedural underpinnings for the doctrine requiring the sua sponte withdrawal of a guilty plea under the circumstances discussed in these opinions have been removed with the enactment of Articles 1.13, 1.14, and 1.15, V.A.C.C.P., I concur with the majority's opinion to overrule those decisions arising subsequent to their enactment which failed to discuss this principle. I also concur in the result.

2. In 1977 there were 136,392 criminal cases on the dockets of just the district courts of this State. See 49th Annual Report of the Texas Judicial Council, First Annual Report of the

## I.

ROBERTS, Judge, concurring in part and dissenting in part.

I agree that the judgment should be affirmed. On March 31, 1976, appellant pleaded guilty and received careful admonishments from the trial court. See Art. 26.13, Vernon's Ann.C.C.P. The court then found him guilty but abated the case for a pre-sentence investigation and also to allow appellant to prepare and present evidence on the issue of punishment.

On June 3, 1976, the court reconvened the case to hear evidence on punishment. During this hearing, testimony was presented which, quite clearly, raised the issue of self-defense. I would hold that because the trial judge had already found the appellant guilty, the issue was raised too late to require the judge to withdraw appellant's plea.

## II.

However, I do not agree with the majority holding which eliminates the requirement that the trial court withdraw the plea of guilty of an accused wherever the evidence fairly and reasonably brings his guilt into question in a hearing before the court. This holding is dicta in the form of an advisory opinion and unnecessary to the decision of the case. Faced with such a sweeping change in our established law, I would reject the majority's broad holding and hold instead that whenever the evidence raises a question of the defendant's innocence the trial court must—at the very least—stop the hearing and determine whether the plea is voluntary and whether the accused is aware of conflict between his plea of guilty and the evidence presented.

## III.

The majority opinion rests on three basic assumptions. The first of these, stated in

Office of Court Administration, May 1978, Page 142. The increase of new criminal cases in 1977 was 6 percent from 67,269 in 1976 to 71,839.

the opinion, is that the trial judge will fairly consider the evidence presented, even though some of that evidence is in plain conflict with the defendant's plea of guilty. I have no general quarrel with the even-handedness and fair-mindedness of our State's trial judges; however, I believe that the rule which the majority abolishes is not concerned with mere evidentiary questions, but is instead a reflection of this Court's concern for the principles of due process as guaranteed by our State[1] and Federal[2] Constitutions. When a question arises as to the voluntariness of a plea of guilty, the sufficiency of the evidence to support that plea takes a position of distinctly secondary importance; simply put, due process—and the rights which it embodies in this context—comes first.[3]

By its broad-sweeping new rule, the majority allows trial judges to ignore their constitutional duty to inquire carefully into the voluntariness of each guilty plea. Although one recent Supreme Court decision held that a trial judge may accept a plea of guilty despite the defendant's protestation of innocence, the Court also made it clear that in any guilty plea the trial judge may accept the plea only after making a careful determination that the plea is knowing and voluntary. *North Carolina v. Alford,* 400 U.S. 25, 32, 38, n. 11, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), relying, inter alia, on *Brady v. U. S.* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

The holding in *Alford,* which upheld the validity of that State court guilty plea, was dependent upon a finding by the Supreme Court that the plea was knowing and voluntary and supported by ample evidence of guilt.

### IV.

The Court's decision in *Alford* also serves to refute what I believe to be the second, albeit unstated, assumption contained in the majority opinion: that the trial judge is merely an umpire, nothing more than a caller of balls and strikes. I cannot agree with this conclusion. The trial judge is the presiding officer of the trial, and it is his duty above all to see that justice under law is not thwarted. Certainly he must remain impartial, but he is nonetheless the principal public official whose obligation it is in a criminal case to see that "all individuals are tried and sentenced in accordance with law." *Ex Parte Curtis,* 568 S.W.2d 363, 367 (Tex.Cr.App.1978). As such, he must intrude himself into the guilty plea hearing when the voluntariness of the plea comes into question. See *Boyd v. Dutton,* 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972); *Henderson v. Morgan,* supra (note 3); *Boykin v. Alabama,* supra (note 3).

### V.

The majority's final assumption, not stated but certainly woven into the fabric of the opinion, is that because the accused is represented by counsel his rights will be adequately represented and defended. See *Brady v. U. S.,* supra at 748–749, n. 6, 90 S.Ct. 1463.

In this regard, I am aware that my dispute with the majority puts me in the position of advocating an intrusion by the trial judge into the relationship between the accused and his attorney. In most cases, that relationship—and the privileges and responsibilities it carries with it—should not be infringed upon. However, a guilty plea is a special case, an exception to the general rule, because in a guilty plea the defendant, upon the advice and counsel of his lawyer, abandons his normal role as an active litigant in the adversary process and joins with the prosecution to help pull the State's case to shore. Here it should be remembered that the accused is helping the prosecutor shoulder the heaviest of evidentiary bur-

1. Tex.Const., Art. I, Sec. 19.

2. U.S.Const., Amends. 5, 14.

3. See *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Henderson v. Morgan,* 426 U.S. 637, 644–645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).

dens—that of proof beyond a reasonable doubt.[4]

Thus, in a plea of guilty or nolo contendere, an accused formally and officially abandons his traditional position as opponent of the prosecution. Admittedly, he does so actively, as a supposedly knowing and voluntary participant in the proceedings. Nonetheless, his position is analogous to that of a defendant who passively and unknowingly abandons his position as a litigant on appeal when his retained attorney fails to prosecute the defendant's appeal after promising to do so.[5] In these latter cases, we, as an appellate court, intervene in the attorney-client relationship because we realize that the defendant has become an unwitting accomplice in the State's efforts to affirm his conviction. We recognize in those cases that due process requires that the defendant himself be afforded the opportunity to resume his position as an active litigant on appeal.

Similarly, when an accused agrees, after consultation with counsel, to plead guilty and present evidence which is ostensibly in support of his plea, he abandons his status as an active litigant. Should he then present evidence which reasonably and fairly brings his guilt into question the trial court should intervene in order to determine with care and discernment whether he wishes to reassert his role as a contestant in the adversary process. I would hold that federal due process requires this much at the very least.

ONION, Presiding Judge, dissenting.

On original submission when this was still a five judge court appellant's conviction was reversed and remanded because the trial court failed to sua sponte withdraw the appellant's plea when the evidence reasonably and fairly raised an issue of fact as to the innocence of the appellant. It was undisputed that the evidence clearly raised the issue of self-defense. Now on rehearing before a nine judge court the majority grants the State's motion for rehearing and affirms the conviction. In doing so, the majority relies upon the dissenting opinion on original submission and takes a well established rule applicable to both jury and bench trials and splits the rule in two, leaving the same applicable to jury trials, but inapplicable to bench trials. This is indeed regrettable. I adhere to the opinion on original submission. For the reasons stated there, I dissent.[1]

OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for murder wherein the punishment was assessed at twenty (20) years' imprisonment. The appellant waived the right to trial by jury and entered a plea of guilty before the court.

Appellant asserts that in view of the evidence offered his guilty plea should have been withdrawn by the court and a not guilty plea entered for him. Without detailing the evidence suffice it to say the evidence clearly raised the issue of self-defense.

This court has for years held that when evidence introduced before a jury (when a defendant had entered a guilty plea) makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required sua sponte to withdraw the defendant's guilty or nolo contendere plea and enter a not guilty plea for the defendant. E. g., *Harris v. State,* 76 Tex.Cr.R. 126, 172 S.W. 975

---

**4.** See *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

**5.** See *Ex Parte Raley,* 528 S.W.2d 257 (Tex.Cr. App.1975). *Ex Parte Hill,* 528 S.W.2d 259 (Tex. Cr.App.1975); *Ex Parte Shields,* 550 S.W.2d 670 (Tex.Cr.App.1976). See also *Yates v.*

*State,* 557 S.W.2d 115 (Tex.Cr.App.1977); *Guillory v. State,* 557 S.W.2d 118 (Tex.Cr.App. 1977).

**1.** It is interesting to note that the State in its motion for rehearing made no effort to endorse the dissenting opinion on original submission now warmly embraced by the majority.

(1915); *Taylor v. State*, 88 Tex.Cr.R. 470, 227 S.W. 679 (1921); *Yantis v. State*, 95 Tex.Cr.R. 541, 255 S.W. 180 (1923); *Aills v. State*, 114 Tex.Cr.R. 345, 24 S.W.2d 1097 (1930); *Villa v. State*, 122 Tex.Cr.R. 142, 53 S.W.2d 1023 (1932); *Thompson v. State*, 127 Tex.Cr.R. 494, 77 S.W.2d 538 (1935); *Edwards v. State*, 134 Tex.Cr.R. 153, 114 S.W.2d 572 (1938); *Navarro v. State*, 141 Tex.Cr.R. 196, 147 S.W.2d 1081 (1941); *Rayson v. State*, 160 Tex.Cr.R. 103, 267 S.W.2d 153 (1954); *Fite v. State*, 163 Tex.Cr.R. 279, 290 S.W.2d 897 (1956); *Richardson v. State*, 164 Tex.Cr.R. 500, 300 S.W.2d 83 (1957); *Edworthy v. State*, 371 S.W.2d 563 (Tex.Cr.App.1963); *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968); *Swanson v. State*, 447 S.W.2d 942 (Tex.Cr.App.1969); *Hayes v. State*, 484 S.W.2d 922 (Tex.Cr.App.1972); *Lee v. State*, 503 S.W.2d 244 (Tex.Cr.App. 1973); *Lewis v. State*, 529 S.W.2d 550 (Tex. Cr.App.1975); *Gates v. State*, 543 S.W.2d 360 (Tex.Cr.App.1976); *Woodberry v. State*, 547 S.W.2d 629 (Tex.Cr.App.1977); *Malone v. State*, 548 S.W.2d 908 (Tex.Cr.App.1977).

Ever since *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942), the rule has been recognized and applied when the guilty or nolo contendere plea was before the court without a jury and has been consistently applied since the advent of the 1965 Code of Criminal Procedure. See, e. g., *Gonzales v. State*, 480 S.W.2d 663 (Tex.Cr.App.1972); *Faz v. State*, 510 S.W.2d 922 (Tex.Cr.App. 1974); *Trevino v. State*, 519 S.W.2d 864 (Tex.Cr.App.1975); *Cooper v. State*, 537 S.W.2d 940 (Tex.Cr.App.1976); *Sanchez v. State*, 543 S.W.2d 132 (Tex.Cr.App.1976).

And it has even been held applicable to a revocation of probation proceeding where like the guilty plea before the court the trial judge is the trier of the facts, the judge of the credibility of the witnesses and the weight to be given their testimony. *Roberson v. State*, 549 S.W.2d 749 (Tex.Cr. App.1977).

In the instant case we hold that the trial court under the circumstances presented should have withdrawn the guilty plea on its own motion because the evidence reasonably and fairly raised an issue of fact as to the innocence of the appellant.

The dissent would reach out and would have this court, sua sponte, adopt a new rule.[1] The dissent would hold that since the advent of the 1965 Code of Criminal Procedure there would seem to be no valid reason for the trial court to withdraw the guilty plea and enter a plea of not guilty when the defendant enters a guilty plea before the court after waiving a jury.

In light of such statement, it is well that we examine the background of the rule involved. Prior to the 1931 amendment, Article 12, Vernon's Ann.C.C.P., 1925, read:

"No person can be convicted of a felony except upon the verdict of a Jury duly rendered and recorded. . . ."

Thus, a jury was required in every felony case regardless of the plea.

It was then and now well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App. 1968), and cases there cited; *Ex parte Taylor*, 480 S.W.2d 692, 693 (Tex.Cr.App.1972); *Gates v. State*, supra; *Brown v. State*, 487 S.W.2d 86 (Tex.Cr.App.1972); *Durham v. State*, 466 S.W.2d 758 (Tex.Cr.App.1971); *Ochoa v. State*, 481 S.W.2d 847 (Tex.Cr.App. 1972); *West v. State*, 480 S.W.2d 640 (Tex. Cr.App.1972); *Renesto v. State*, 452 S.W.2d 498 (Tex.Cr.App.1970).

Where the guilty plea is before the jury, the presumption of innocence does not obtain under the plea and there is no issue of justification under it. *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968); *Darden v. State*, supra, and cases there cited.

In such cases there are no defenses or defensive issues for the jury to pass upon. *Reyna v. State*, supra; *Jackson v. State*, 155 Tex.Cr.R. 466, 236 S.W.2d 623 (1951); 16 Tex.Jur.2d, Criminal Law, § 362, p. 558.

---

1. The State has not urged the court to adopt such position.

If at such trial before the jury on a guilty plea the defendant deems the evidence insufficient, he may change his plea to not guilty at any time before the retirement of the jury to deliberate upon the case and put upon the State the burden of proving his guilt beyond a reasonable doubt. *Reyna v. State,* supra; *Alexander v. State,* 69 Tex. Cr.R. 23, 152 S.W. 436 (1912); *Garcia v. State,* 91 Tex.Cr.R. 9, 237 S.W. 279 (1922). See also *Lewis v. State,* 438 S.W.2d 816 (Tex.Cr.App.1969).

Despite the procedures above described, the rule in question in the instant case has long had application. If the evidence introduced before the jury on a guilty plea makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact[2] and such fact is not withdrawn, then it becomes the obligation of the court to withdraw the guilty plea and enter a plea of not guilty for the defendant if he fails to do so himself. *Reyna v. State,* supra, and cases there cited; *Burks v. State,* 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942), and cases there cited; *Gates v. State,* supra; *Woodberry v. State,* supra.

Turning to pleas of guilty before the court, it is observed that by Acts 1931, 42nd Leg., p. 65, ch. 43, § 3, Article 12, supra, was amended to read:

"No person can be convicted of a felony except upon the verdict of a Jury duly rendered and recorded, unless in felony cases less than capital, the defendant upon entering a plea of guilty has in open Court in person and with the approval and consent of the Court and the State's Attorney, as provided in Section 1 of this Act, (Article 10a of Code of Criminal procedure of the State of Texas), waived his right of a trial by Jury. Provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

By the same enactment, Article 11, Vernon's Ann.C.C.P., 1925, was amended to read:

"The defendant in a Criminal prosecution for any offense, may waive any right secured him by Law except the right of a trial by a Jury in a felony case *when he enters a plea of not guilty.*" (Emphasis added.)

The Amendatory Act of 1931 added the italicized words above. See also Article 10a, Vernon's Ann.C.C.P., 1925, which is also a part of the same enactment.

From the above it is clear that a defendant could waive trial by jury in a non-capital case if he entered a plea of guilty, but a jury was still required in such cases if his plea was not guilty.

Under the procedure established in every case where the defendant entered a guilty plea before the trial court, the State was required to introduce evidence showing the guilt of the defendant, and if the State failed in this respect the defendant was entitled to a new trial if there had been a conviction. *Spivey v. State,* 140 Tex.Cr.R. 107, 143 S.W.2d 386 (1940); *Franklin v. State,* 140 Tex.Cr.R. 251, 144 S.W.2d 581 (1940); *Howell v. State,* 140 Tex.Cr.R. 627, 146 S.W.2d 747 (1941); *Wilson v. State,* 154 Tex.Cr.R. 39, 224 S.W.2d 234 (1949). Thus, while a plea of guilty constitutes an admission of guilt, it would not alone authorize conviction when trial by jury was waived and such plea was entered before the trial court. The burden remained upon the State to introduce sufficient evidence to show the guilt of the accused and all necessary elements of the offense. *Burks v. State,* supra; *Spivey v. State,* supra. See also *Utsman v. State,* 485 S.W.2d 573 (Tex. Cr.App.1972); *Edwards v. State,* 463 S.W.2d 733 (Tex.Cr.App.1971).

2. It would appear the evidence must go farther than just tending to show a defensive issue, but must reasonably and fairly present such issue before the trial court would be required to withdraw the guilty plea. *Reyna v. State,* su-

pra. See also *Galvan v. State,* 525 S.W.2d 24 (Tex.Cr.App.1975); *Davis v. State,* 507 S.W.2d 740 (Tex.Cr.App.1974); *Jones v. State,* 491 S.W.2d 883 (Tex.Cr.App.1973).

If during the proceedings on a plea of guilty the defendant considers the evidence insufficient, the plea should be withdrawn and a plea of not guilty entered. *Garcia v. State*, supra; *Alexander v. State*, supra; *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W.2d 594 (1947).

The trial court, of course, is required to exercise great care in preventing the improvident entry of a plea of guilty and a liberal practice prevails touching its withdrawal. *Garcia v. State*, supra; *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953).

In cases where the plea of guilty is before the court, and all formalities have been complied with, evidence heard, etc., and the judge announces judgment or has taken the case under advisement, it is too late to withdraw a guilty plea. *Ralls v. State*, supra. See also *Stanton v. State*, supra; *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864 (1959).

In *Burks v. State*, supra, the question arose as to whether the rule requiring withdrawal of a guilty plea under certain conditions where the plea was before a jury was also applicable to such a plea before the court. The court in *Burks* noted that the amendment to Article 12, supra (Acts 1931, 42nd Leg., p. 65, ch. 43), contained no provision evidencing the legislative intent that the rule applied theretofore in pleas of guilty before the jury was not to be applied in pleas of guilty before the trial court. The court then wrote:

". . . The amendment and rule are, therefore, to be construed together; and, when so construed, it now appears to be the settled law of this state that one accused of a felony less than capital may, under his plea of guilty, waive a trial by jury and his punishment may be fixed by the trial judge, provided: (a) the State introduces evidence sufficient to show the accused guilty of the offense charged; and (b) no facts are received in evidence making evident the innocence of the accused, or which reasonably and fairly present such as an issue of fact. Unless the facts bring the case within the rule stated, the trial judge is without authority to render a judgment finding the accused guilty, because, if the State fails to show the guilt of the accused, no conviction can follow; and, if evidence be received showing the accused to be innocent of the offense charged, then the plea of guilty is supplanted by the entry of a plea of not guilty, in which event the trial judge is without authority to determine the guilt of the accused."

It appears that the rule established in *Burks* has been followed before and since the adoption of the 1965 Code of Criminal Procedure. See, e. g., *Gonzales v. State*, supra; *Faz v. State*, supra; *Trevino v. State*, supra; *Cooper v. State*, supra; *Sanchez v. State*, supra.

The dissent now takes the position that since Articles 1.13 and 1.14 and 1.15, Vernon's Ann.C.C.P., 1965, permit a defendant to waive a jury and enter a plea of not guilty before the court in all felony cases except capital ones there is no valid reason for continuing the rule announced in the *Burks* case decided under the former Code of Criminal Procedure, and those decisions since the effective date of the 1965 Code of Criminal Procedure which followed *Burks* are overruled. We do not agree.

It is true that the 1965 Code of Criminal Procedure permits the defendant to enter a plea of not guilty before the court after waiving trial by jury, and that a defendant's inability to waive trial by jury where the plea was not guilty was indeed a factor in the *Burks* decision, but it was not the sole factor. Further, we find nothing in the 1965 Code of Criminal Procedure evidencing a legislative intent that there should be an abandonment of the rule under discussion because of any revision in the applicable statute.

There should be no difference in the application of the rule regardless of whether the guilty plea is before the jury or the judge. There are perhaps stronger reasons for its application in guilty pleas before the court than before the jury. As noted, a guilty plea before the jury admits the existence of all facts necessary to establish guilt,

and the only purpose of the State offering evidence is to enable the jury to intelligently assess punishment. On the other hand, while a plea of guilty before the court constitutes an admission of guilt, it alone does not authorize a conviction. The State has the burden of producing sufficient evidence to show the guilt of the accused and all necessary elements of the offense. When under these circumstances evidence is introduced which makes evident the innocence of the defendant or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, it is as important, if not more so, that the plea be withdrawn and a not guilty plea entered than in the jury type situation. When the plea is withdrawn and a not guilty plea entered, the trial court, trier of the facts, will be more apt to hold the balance nice, clear and true between the State and the accused. The State will be alerted that the case is now proceeding upon a not guilty plea, that the admission of guilt is no longer viable, that its burden of proof is now beyond a reasonable doubt rather than the lesser burden of "sufficient evidence." [3] See Article 1.15, supra. Further, the defendant will be in a better position to elicit and fully develop any defenses he may have.

The dissent contends that under a guilty plea before the court the court may find the defendant not guilty and no purpose is served in withdrawing the guilty plea and entering a not guilty plea as required by the rule. Such action may be technically correct, but is not too likely to occur. Most trial judges will not permit the State to assume its burden is only "sufficient evidence" to support the guilty plea when in light of the evidence adduced the court intends to acquit the defendant from which action the State has no right of appeal, Article V, § 26, Texas Constitution; Article 44.01, Vernon's Ann.C.C.P., and where the

case will not be tried again in light of the federal and state constitutional provisions regarding double jeopardy. See also Article 1.10, Vernon's Ann.C.C.P. Allowing the rule to remain viable will serve to benefit the State as well as the defendant and will promote the ends of justice.

What the dissent seeks to do is to create a harmless error rule for all cases appealed from guilty pleas before the court where the evidence makes evident the innocence of the accused or which reasonably and fairly raises such issue and where such evidence is not withdrawn. There exists, however, no necessity to change the rule.

The evidence in the instant case having reasonably and fairly raised an issue as to the defense of self-defense, we conclude the court erred in not withdrawing the guilty plea and entering a plea of not guilty.

The judgment is reversed and the cause remanded.

---

**3.** In 9 Houston Law Review 641, Bruder, "Pretrial Motions in Texas Criminal Cases," the procedure for guilty pleas before the court in felony cases was discussed. There it was written:

"In such cases, the State is under a burden to prove with *sufficient evidence* the guilt of

the accused. The plea of guilty in such cases only constitutes an admission of guilt and does not authorize a conviction. The State, however, may discharge this lesser burden of proof by obtaining a stipulation of all the evidence with the defendant's consent."