

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-252-CR

ROBERT ARMSTRONG                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                       STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Robert Armstrong appeals his conviction for murder. In two points, Armstrong argues that the trial court erred by failing to sua sponte enter a plea of not guilty when the evidence raised the issue of his innocence and that he was denied his right to due course of law under the state constitution. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

Armstrong entered an open plea of guilty to the State's allegation in the indictment that he "intentionally, with the intent to cause serious bodily injury to Stephen Hughett, commit[ted] an act clearly dangerous to human life, namely, by hitting [Hughett] with his hand or his hands, or by kicking him with his foot, or by hitting him with a BB gun, which caused" Hughett's death. Armstrong also signed written plea admonishments, a judicial confession admitting guilt, and a written waiver—joined by his attorney—waiving his right to a jury trial and other rights given to him by law. The trial court accepted Armstrong's plea and deferred his sentencing until after a presentence investigation report had been prepared.

Testimony at punishment showed that Armstrong beat Hughett on his arm, head, and ribs before leaving him at an isolated location. Investigators found blood in numerous places around the room in the house where Hughett lived, including on the wall, a mattress, a computer, a door, the doorknob, a flag, and the floor. Hughett's decomposing body was later discovered, scavenged by animals. The medical examiner's office performed an autopsy on Hughett, ruled the manner of death a homicide, and determined the cause of death to be blunt force traumatic injuries; Hughett sustained trauma to his head and brain and injuries to his chest wall and ribs.

Armstrong testified that in the course of his confrontation with Hughett, he struck Hughett on the arm with a BB gun, exchanged punches with him, and kicked him. After the confrontation, Hughett merely had a bloody nose and "seemed a little dazed." Thereafter, Armstrong and another person put Hughett in the bed of Armstrong's truck and took him "a little ways away from the house," not intending to dump him someplace where he would die and never be found. Armstrong testified that he removed a still-alive Hughett from his truck, placed him on the edge of the road, and left.

During closing argument, Armstrong's counsel pointed out that Hughett had enough methamphetamine in his blood to cause seizures and convulsions, that the blood in Hughett's room could have come from Hughett's bloody nose, and that Hughett's death could have been caused by his falling approximately eight to nine feet from an incline near the place Armstrong left him. The trial court found Armstrong guilty and sentenced him to forty-five years' confinement.

In his first point, Armstrong argues that the trial court erred by failing to sua sponte enter a plea of not guilty when the evidence raised the issue of his innocence. In his second, related point, Armstrong argues that the trial court violated his right to due course of law under the state constitution when it failed to sua sponte withdraw his guilty plea once the evidence showed that he

had pleaded guilty to a crime not recognized by the State of Texas. Armstrong argues that he "did not cause the death of [Hughett], rather he died from an unrelated fall. The trial court had an obligation to withdraw the plea of guilty."[2]

Although a defendant has a right to withdraw his guilty plea in a timely fashion, the trial court has no duty to sua sponte withdraw the plea in the absence of such a request. *Mendez v. State*, 138 S.W.3d 334, 345, 350 (Tex. Crim. App. 2004); *see Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978) (op. on reh'g). If a defendant does not make a timely request to withdraw his plea, he forfeits his right to complain on appeal that the trial court should have done it for him. *Mendez*, 138 S.W.3d at 350 ("It is reasonable to put on such a defendant the requirement of timely seeking . . . to withdraw the plea of guilty. The appellant not having done so, he may not complain for the first time on appeal that the trial court did not do it for him."); *Martinez v. State*, No. 02-04-00019-CR, 2004 WL 1798091, at *2 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem. op., not designated for publication).

Here, Armstrong pleaded guilty to murder, and he signed written plea admonishments and a judicial confession admitting guilt. During his testimony,

---

[2] Armstrong consolidated the arguments for his first and second points because they "involve the same law and facts." We will therefore consolidate our analysis of Armstrong's first and second points.

4

he affirmed that he was "standing by" his guilty plea, that he knew Hughett died as a result of his injuries, that he understood he caused Hughett's injuries, and that he was responsible for Hughett's death. There is nothing in the record indicating that Armstrong ever sought to withdraw his guilty plea. "If it had been in his interest to do so, he would have known it." *Mendez*, 138 S.W.3d at 350. Therefore, Armstrong has forfeited his two points, failing to preserve them for appellate review. *See id.*; *Martinez*, 2004 WL 1798091, at *2; *see also Rivera v. State*, 123 S.W.3d 21, 32–33 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) ("The trial court is not required to withdraw a plea of guilty *sua sponte* and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that reasonably and fairly raises an issue as to his guilt."); *Bledsoe v. State*, No. 05-03-00230-CR, 2003 WL 21544509, at *1 (Tex. App.—Dallas July 10, 2003, no pet.) (not designated for publication). We overrule Armstrong's two points and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, LIVINGSTON, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 8, 2009

5