Dante Dewayne ODOM, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–00267–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1993.

Charles Freeman, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

Appellant pleaded guilty, before the jury, to the charges of burglary of a habitation with intent to commit aggravated sexual assault, and aggravated sexual assault. The trial court instructed the jury to find appellant guilty. The jury found appellant guilty of both offenses and assessed his punishment at ninety-nine years confine-ment in the Texas Department of Criminal Justice, Institutional Division. Appellant raises twelve points of error. We reverse and remand.

■ In his third and fourth points of error, appellant contends the trial court should have sua sponte withdrawn his plea of guilty and entered a plea of not guilty on his behalf. Appellant argues that his testimony before the jury raised an issue as to his innocence to both counts. It is firmly and solidly established that when "evidence is introduced which reasonably and fairly raises an issue as to the inno-cence of the accused, *and is not with-drawn,* the defendant's guilty plea must be withdrawn and a plea of not guilty *must* be sua sponte entered by the court." *Griffin v. State,* 703 S.W.2d 193, 195 (Tex.Crim. App.1986) (en banc) (emphasis in original).

Before the jury, appellant testified to the following: he entered complainant's resi-dence with Andre Johnson; he believed Johnson had authority to enter the resi-dence; after they had entered the building, Johnson asked if he wanted "a trick" with the complainant; he thought the complain-ant knew Johnson and that she was willing to have sex with him; Johnson handed him the knife upstairs in the bedroom; he thought Johnson had moved the knife from the complainant's bed; from complainant's actions, he did not think Johnson was rap-ing her; he thought the complainant knew what was going on; he did not place the knife against the complainant's throat or make any threats; when he attempted to have sex with the complainant, he stopped when it appeared to him that she didn't want to do it. This testimony fairly raised an issue of whether appellant entered the residence with the intent to commit sexual assault, and whether he had consent to enter. It also fairly raised the issue of whether appellant, through mistake, formed a reasonable belief about the com-plainant's having consented to engaging in sexual intercourse. In *Griffin,* after the exculpatory evidence was received, the trial judge admonished the defendant about the consequences of his testimony, and the evi-dence was withdrawn. *Griffin,* 703 S.W.2d

at 195–98. The record is clear that neither the trial judge, of his own volition, nor at the prosecutor's request, admonished appellant or his trial counsel that if appellant persisted in offering testimony that raised reasonable doubt of his guilt, his guilty plea would be withdrawn. Unless the above testimony was withdrawn, the trial court had a duty to enter a plea of not guilty for appellant.

 Although appellant never directly withdrew his testimony, the state argues that his trial counsel effectively withdrew this testimony during closing argument. *See Saenz v. State,* 807 S.W.2d 10, 12 (Tex. App.—Corpus Christi 1991, no pet.). While appellant's trial counsel argued that his client was guilty and that the jury need only focus on how to punish him, it is clear that the state ascribed a different meaning to this testimony. The state argued that appellant's plea of guilt was a joke, and that his story was ludicrous and showed that he had no remorse. Indeed the facts before us are similar to those in *Saenz.* The court found the conflicting arguments of the state and appellant's counsel during closing argument showed the evidence was not withdrawn. *Id.* We find appellant's trial counsel did not effectively withdraw the testimony before the court. Appellant's third and fourth points of error are sustained.

Although we need not reach the merits of the majority of appellant's remaining points of error, we must address points ten and eleven. In these two points, appellant claims the evidence was insufficient to support the jury's finding to the special issue of use of a deadly weapon, and to sustain a conviction for the offense of aggravated sexual assault. Appellant argues the evidence is insufficient because: a knife is not a deadly weapon per se, the actual knife was not found, the complainant was not injured by the knife, and there was no specific testimony that the knife was either "manifestly designed, made or adapted for the purpose of inflicting seriously bodily injury" or "that in the manner of its use or intended use [was] capable of causing death or serious bodily injury."

In a sufficiency of evidence review, this court must determine the probative weight of all evidence that the trial court permitted the jury to consider, including erroneously admitted evidence. *Gribble v. State,* 808 S.W.2d 65, 68 (Tex.Crim.App.1990) *cert. denied,* —— U.S. ——, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). Although the trial court should have withdrawn appellant's plea of guilty, it was before the jury and was sufficient to support the jury's finding that he used a deadly weapon and committed aggravated assault. Additionally, the complainant's description of the knife, and her testimony that appellant held the knife against her neck and made threats, was sufficient to support the jury's findings beyond a reasonable doubt. *See Herbert v. State,* 631 S.W.2d 585, 587 (Tex.App.—El Paso 1982, no pet.). It did not matter that the knife was not admitted or that no wounds were inflicted. *See Aleman v. State,* 795 S.W.2d 332, 335 (Tex.App.—Amarillo 1990, no pet.); *Petrick v. State,* 832 S.W.2d 767, 770 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Appellant's tenth and eleventh points of error are overruled.

Having found the trial judge erred in his failure to enter a plea of not guilty for appellant, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.