Affirmed and Memorandum Opinion filed May 25, 2004









Affirmed and Memorandum Opinion filed May 25, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01003-CR

____________

 

OKECHUKUY
CHRISTOPHER AMAECHI, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court 

Harris County, Texas

Trial Court Cause No. 935,002

 



 

M E M O R A N D U M   O P I N I O N

Appellant Okechukuy Christopher Amaechi
appeals from his felony conviction for aggravated robbery.  After appellant waived a jury and entered a
plea of guilty to the charged offense, the trial court sentenced him to
eighteen years= confinement.  On appeal, he presents three issues for
review.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.








In his first issue, appellant argues that
the trial court should have sua sponte withdrawn his guilty plea when
evidence in the pre-sentence investigation (APSI@) report and his
protestations in open court at the sentencing hearing raised an issue as to his
innocence.  He cites, inter alia, Odom
v. State, 852 S.W.2d 685 (Tex. App.CHouston
[14th Dist.]
1993, pet. ref=d), in support of this argument.  Odom, however, stands for the
proposition that a trial court is obligated to sua sponte withdraw a
guilty plea following the presentation of such evidence before a jury.  The same rule does not apply to bench trials,
as in the present case, because the trial judge is in a position to credit or
disbelieve particular evidence. See Moon v. State, 572 S.W.2d 681-82
(Tex. Crim. App. 1978).  Accordingly, withdrawal
of a guilty plea is not required when a jury has been waived and the case
submitted to the court.  Id.; Fisher
v. State, 104 S.W.3d 923, 924 (Tex. App.CHouston
[14th Dist.]
2003, no pet.).  Appellant expressly and
voluntary waived his right to a jury, judicially confessed to the offense
charged, received the required admonishments, and entered a plea of
guilty.  The trial court found him
mentally competent, his plea voluntary, and the evidence sufficient to support
guilt.  Accordingly, the trial court did
not err in failing to sua sponte withdraw appellant=s guilty plea, and
his first issue is overruled.

In his second issue, appellant argues that
the trial court abused its discretion in rejecting appellant=s application for
community supervision and sentencing him to a term of eighteen years= confinement for
his first offense.  We review the trial
court=s sentence for
abuse of discretion.  Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984). 
The trial court found appellant guilty of aggravated robbery, a
first-degree felony offense, and assessed punishment at eighteen years= confinement.  See Tex.
Pen. Code Ann. ' 29.03(b) (Vernon 1994).  An individual found guilty of such a felony
offense may be sentenced to any term of imprisonment not more than 99 years or
less than five years.  Tex. Pen. Code Ann. ' 12.32(a) (Vernon
1994).








In general, as long as the sentence
imposed lies within the statutory guidelines it will not be disturbed on
appeal.  Jackson, 680 S.W.2d at
814.  Provided the trial judge has some
evidence before her supporting her decision, the sentence will be upheld. Benjamin
v. State, 874 S.W.2d 132, 135 (Tex. App.CHouston
[14th Dist.]
1994, no pet.).  In the present case, the
trial judge expressly considered, inter alia, the PSI report, witness
testimony, the presence of guns and multiple victims at the scene of the crime,
and appellant=s escape from custody and subsequent
flight from the scene.  Based on this
record, we cannot say that the trial court abused its discretion in sentencing
appellant to eighteen years= confinement.  Accordingly, we overrule appellant=s second issue.

In his third issue, appellant argues that
the trial court=s imposition of a sentence of eighteen
years= confinement for
the offense of aggravated robbery constitutes a violation of his Eighth
Amendment right to be free from cruel and unusual punishment.  The State argues, however, that appellant
failed to preserve this issue for appellate review by failing to make a timely
objection before the trial court.  We
agree with the State=s position. See Tex. R. App. P. 33.1(a); Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (rejecting claim of cruel
and unusual punishment because error was not preserved by objection in the
trial court).  Accordingly, we overrule
appellant=s third issue.

The judgment of the trial court is
affirmed.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 25, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).