Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

 )
 No. 08-02-00518-CR

)


EX PARTE: SHEADRICK HANNAH
)
 Appeal from

)
 

)
 243rd District Court

)


)
 of El Paso County, Texas

)


)
 (TC# 20000D02927)


MEMORANDUM OPINION



 Sheadrick Hannah appeals from the denial of his application for writ of habeas corpus. We
affirm.

FACTUAL SUMMARY


 Detective Silvio Karisch interviewed Appellant during his investigation of a burglary of the
Dairy Queen where Appellant worked. Karisch suspected that one or more of the employees had
committed the burglary. When Karisch discovered that Appellant had an outstanding warrant, he
arrested him and interviewed him at the police station about the burglary. Appellant gave a written
statement admitting that he had acted as a lookout for the persons who committed the Dairy Queen
burglary. One of the co-actors gave Appellant approximately $3,000 taken in the burglary and asked
him to hide the money until the co-actor could return for it. Appellant was to receive a portion of
the money in exchange for hiding it until the co-actor retrieved it. Appellant also told Detective
Karisch that he had hidden cocaine beneath a "mattress" outside of his apartment. Appellant signed
a written consent to search his apartment. Officers who searched Appellant's apartment found
$2,629 inside of the apartment and 2.5 grams of cocaine beneath a cushion on a couch located on
Appellant's patio. Both items of evidence were found exactly where Appellant stated they would
be located. A grand jury indicted Appellant for possession of cocaine and burglary of a building. (1) 
 On June 4, 2001, Appellant waived his right to a jury trial and entered a negotiated guilty
plea to both offenses. The trial court admonished Appellant as required by Article 26.13 of the Code
of Criminal Procedure and Appellant voluntarily signed the waiver of his constitutional rights and
made a judicial confession. Appellant informed the trial court that he was pleading guilty because
he was guilty and for no other reason. In accordance with the plea bargain, the trial court found
Appellant guilty of possession of cocaine and assessed punishment at a fine of $1,000 and
imprisonment for ten years, probated for five years. The court also found that the evidence
substantiated Appellant's guilt of burglary of a building, but in accordance with the plea bargain
agreement, the court deferred adjudicating Appellant's guilt and placed him on deferred adjudication
community supervision for five years. Following sentencing, the trial judge admonished Appellant
that he would have to change his attitude in order to successfully complete probation. The following
exchange then occurred:

 [Appellant]: I, in my heart, know that I ain't guilty, and I'm sitting here taking this,
and there ain't nothing that I can tell Your Honor to make it no different.


 [The Court]: You can have your trial. I don't have any problems giving you --


 [Appellant]: No, I'm satisfied with the way it is. I'm just telling you, I have to say
that. I didn't do it.

 Appellant's counsel interrupted and explained that Appellant wanted to transfer his
community supervision to his home state, Georgia. After the trial court approved the transfer of
Appellant's community supervision to Georgia, Appellant objected to the court's order that the
money seized from Appellant's apartment as evidence be returned to the owner of the Dairy Queen. 
Appellant claimed that the money was not taken in the burglary but was his wife's income tax
refund. The trial court offered to set the dispute for a restitution hearing in order to provide
Appellant with the opportunity to prove that the money belonged to his wife. Appellant responded
that they could just keep the money because he did not care. 

 Approximately seventeen months after the guilty plea, Appellant filed an application for a
writ of habeas corpus in the trial court. He requested that the trial court set aside his guilty plea on
the ground that it was involuntary. Following an evidentiary hearing, the trial court denied the
requested relief. Appellant filed a timely notice of appeal. 

WITHDRAWAL OF GUILTY PLEA


 In his sole issue on appeal, Appellant argues that the trial court should not have accepted his
guilty plea but should have sua sponte entered a plea of not guilty when Appellant protested his
innocence. In support of his argument, Appellant cites Odom v. State, 852 S.W.2d 685 (Tex.App.
Houston [14th Dist.] 1993, pet. ref'd) and Griffin v. State, 703 S.W.2d 193, 195 (Tex.Crim.App.
1986). 

 Appellant is correct that Griffin and Odom hold that when evidence is introduced which
reasonably and fairly raises an issue as to the innocence of the accused, and is not withdrawn, the
defendant's guilty plea must be withdrawn and a plea of not guilty must be sua sponte entered by
the court. See Griffin, 703 S.W.2d at 195; Odom, 852 S.W.2d at 686. However, this rule applies
only where the defendant enters a guilty plea before a jury. A different rule applies where the
defendant waives his right to a jury trial and enters a guilty plea before the court.

 In Moon v. State, 572 S.W.2d 681, 682 (Tex.Crim.App. 1978)(op. on reh'g), the Court of
Criminal Appeals held that when the defendant waives his right to a jury trial and enters a guilty
plea, the trial judge is not required to withdraw the defendant's guilty plea if evidence inconsistent
with guilt is introduced. Prior to the decision in Moon, the trial court would have been required to
withdraw the defendant's guilty plea and enter a plea of not guilty if evidence inconsistent with guilt
were introduced. Prior to January 1, 1966, the Code of Criminal Procedure did not permit a
defendant to waive a jury and enter a plea of not guilty before the trial court. Moon, 572 S.W.2d at
682. Thus, a trial court's authority in felony cases was restricted to resolving legal questions and
only a jury could decide factual issues. Consequently, if the defendant waived a jury trial and
entered a plea of guilty before the court and the court was presented with evidence inconsistent with
guilt thereby raising a fact issue, the court was not authorized to find the defendant guilty of a lesser
included offense or not guilty because it did not have fact-finding authority. In those circumstances,
the trial court was required to withdraw the defendant's guilty plea, enter a plea of not guilty, and
impanel a jury to hear the not guilty plea. Aldrich v. State, 104 S.W.3d 890, 893 (Tex.Crim.App.
2003); Moon, 572 S.W.2d at 682. The1965 amendments to the Code of Criminal Procedure made
a significant change by providing that the defendant could waive a jury trial and enter a plea of not
guilty before the court in all cases except capital cases. Moon, 572 S.W.2d at 682, citing Articles
1.13 and 1.14 of the Code of Criminal Procedure. These statutory changes authorized the trial court
to resolve factual questions in felony cases. As the trier of fact, the trial court may now find that the
evidence did not create a reasonable doubt as to guilt, find the defendant guilty of a lesser offense
and assess the appropriate punishment, or find the defendant not guilty just as a jury would have
done under the pre-1966 procedure. See Aldrich, 104 S.W.3d at 893; Moon, 572 S.W.2d at 682. 
It would serve no purpose to withdraw the guilty plea and enter a not guilty plea. Id. Moon
continues to be valid law. See Aldrich, 104 S.W.3d at 892-94. But see Martin v. State, 08-02-00144-CR, 2004 WL 67248 (Tex.App.--El Paso January 15, 2004)(not designated for publication).

 Applying Moon to the instant case, we conclude that the trial court was not obligated to
withdraw Appellant's guilty plea. Further, Appellant should not be heard to complain where he
expressly rejected the trial court's offer to have a trial in his cases. Accordingly, the trial court
properly denied the relief requested in his application for writ of habeas corpus. Appellant's sole
point of error is overruled and the order of the trial court denying habeas corpus relief is affirmed.



May 27, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.

(Larsen, J., concurring)


(Do Not Publish)



CONCURRING OPINION



 For the reasons set out in my concurrence to cause number 08-02-00517-CR, companion to
this case, I concur.



May 27, 2004 

 SUSAN LARSEN, Justice


1. The instant case concerns only the burglary of a building charge.