TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00664-CR




Edward Morris Montgomery, II, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 54825, HONORABLE JOE CARROLL, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
Appellant Edward Morris Montgomery, II pleaded guilty to aggravated robbery. See
Tex. Pen. Code Ann. § 29.03 (West 2003). The court assessed punishment at imprisonment for
thirty years, as called for in a plea bargain agreement. The court gave appellant permission to appeal. 
See Tex. R. App. P. 25.2(a)(2)(B).
Appellant’s court-appointed attorney filed a brief concluding that the appeal is
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738
(1967), by presenting a professional evaluation of the record demonstrating why there are no
arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974);
Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969).
Appellant filed a pro se brief containing three points of error. All three are based on
his contention that he was erroneously told by his trial attorney that he would be eligible for
probation. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(F) (West Supp. 2004-05)
(defendant convicted of aggravated robbery ineligible for court-ordered probation). Appellant urges
that the district court should have admonished him that he was not eligible for probation and that his
trial counsel’s advice constituted ineffective assistance.
Appellant was separately indicted for five aggravated robberies. On August 10, 2004,
he appeared before the district court and pleaded guilty in this cause pursuant to a plea bargain that
called for a sentence not to exceed thirty years, appellant’s admission of guilt pursuant to section
12.45 in one of the other cases, and the dismissal of the other three indictments. See Tex. Pen. Code
Ann. § 12.45 (West 2003). The court admonished appellant, accepted his plea and judicial
confession, and ordered a presentence report.
Appellant returned to court on September 9. The hearing began with an extended
discussion of appellant’s assertion that the other party to the robberies was the primary actor and that
appellant, while armed , never actually exhibited a weapon. Appellant made it clear that he did not
desire to withdraw his plea, and the court stated that it would consider appellant’s limited role in the
robberies as mitigating evidence. The defense then called three character witnesses, each of whom
stated that appellant was a good candidate for probation. Appellant also testified and made a plea
for probation. At the conclusion of the hearing, the court adjudged appellant guilty of aggravated
robbery and assessed the thirty-year sentence.
The district court correctly admonished appellant regarding the range of punishment
for aggravated robbery. Appellant’s complaints with regard to the court’s admonishments are
without merit.
The record before us is inadequate to assess appellant’s ineffective assistance claim. 
See Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). There was no motion for new trial
and the record is silent as to counsel’s strategy or his advice to appellant. Although appellant had
pleaded guilty to an offense for which the court could not grant probation, he had not been adjudged
guilty and thus there was at least the possibility that the court might convict him of the lesser
included offense of robbery, for which probation was available. See Moon v. State, 572 S.W.2d 681,
682 (Tex. Crim. App. 1978) (op. on reh’g). Also, a conviction for aggravated robbery did not
foreclose the possibility of deferred adjudication. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5
(West Supp. 2004-05). While either of these possibilities might have been remote under the
circumstances, on this record we cannot state that appellant was so misled by his attorney as to have
been denied constitutionally effective assistance. This is a question best pursued in a post-conviction
habeas corpus proceeding.
We have reviewed the record, counsel’s brief, and the pro se brief. We find nothing
in the record that might arguably support the appeal. Counsel’s motion to withdraw is granted.
 

The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                W. Kenneth Law, Chief Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: April 7, 2005
Do Not Publish