Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





STACIE LYNN SETTLES,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee.

§
 
§
 
§
 
§
 
§


No. 08-05-00133-CR

Appeal from
203rd District Court

of Dallas County, Texas

(TC #F-0401410-QP)



 

 

 




O P I N I O N

            Stacie Lynn Settles appeals her conviction of aggravated robbery of an elderly person,
enhanced by a prior felony conviction. Appellant entered an open plea of guilty and pled true to the
enhancement paragraph. The trial court found her guilty, found the enhancement paragraph true, and
assessed her punishment at imprisonment for a term of fifteen years. We affirm.
FACTUAL SUMMARY
            At a pretrial hearing on Appellant’s motion to suppress in-court identification, Rosetta
Beacham testified that she is the next door neighbor of Kenny Fleming, a blind elderly man. Her
apartment is approximately ten feet from Fleming’s apartment. One afternoon at about 4:25 p.m.,
Beacham had her front door open and she heard Fleming arrive at his door. Beacham heard
Appellant state, “Mr. Fleming, let me help you, I came to help you clean up this morning.” Fleming
told Appellant, “I don’t need anybody to help me clean up. You need to go on about your business.” 
Appellant continued to say she was there to help him clean but Fleming resisted, shouting, “I don’t
need you, leave me alone, go ahead on just leave me alone.” The commotion caused Beacham to
look out of her door and she saw Appellant, whom she recognized from the elevator and from
pictures posted in the manager’s office for trespassing. Beacham watched as Appellant pushed
Fleming as he tried to enter his apartment and went by him into the apartment. Beacham went back
inside her apartment to get her housecoat so that she could confront Appellant. As she did so, she
heard another neighbor telling Appellant to get out of Fleming’s apartment. Appellant exited the
apartment and went to the elevator. Beacham heard Fleming say, “My God, she’s strong as an ox.” 
Beacham later identified Appellant from a photo lineup. She also made an in-court identification
of Appellant. She was able to identify Appellant because she had gotten a good look at her and she
had seen her many times before. 
            Another neighbor, Tammy Elder, lived across the hall from Fleming. Elder heard him yell,
“Help, help, somebody get her out of here.” Elder opened the door and saw Appellant inside of
Fleming’s apartment holding the phone. Elder told Appellant that she needed to leave because
Fleming did not want her there. Appellant claimed that she had been assaulted downstairs and
needed to use the phone. Elder told Appellant that Fleming did not want her to use his phone and
she should leave. Appellant complied. Fleming told Elder that Appellant was strong and had almost
knocked him down. Elder did not see Appellant take anything from Fleming, but he later told her
that some of his money was missing. Elder later identified Appellant from a photo lineup and she
made an in-court identification. 
            Detective Dale Lunberg showed Beacham and Elder photo lineups and both witnesses
identified Appellant. Lunberg spoke with Fleming about the offense but did not show him a lineup
since he is legally blind. Lunberg initially filed the case as theft from a person because Elder told
him that he did not suffer any pain or injuries as a result of his confrontation with Appellant. At the
conclusion of the hearing, the trial court denied Appellant’s motion to suppress the in-court
identifications. 
            Appellant subsequently waived her right to a jury trial and entered an open plea of guilty to
the charged offense and a plea of true to the enhancement paragraph. The court admonished
Appellant in accordance with Article 26.13 of the Code of Criminal Procedure. Trial counsel
represented to the court that he believed Appellant was mentally competent to enter her plea. The
State introduced Appellant’s written judicial confession. Appellant confirmed that she had gone
over the judicial confession with her attorney and she understood everything in the document. She
told the trial court that she had committed the offense of aggravated robbery of an elderly person
exactly as alleged in the indictment.
            Appellant offered the testimony of Dr. David Self, a psychiatrist who had evaluated
Appellant and determined that she suffered from bipolar disorder. Appellant had suffered psychotic
symptoms in the past due to cocaine abuse and other events, but she was in partial remission at the
time of the guilty plea. In his opinion, Appellant would benefit from probation as long as she
continued with her prescribed anti-psychotic medication and abstained from using any illegal
substances. But he admitted that since 1989, Appellant had not abstained from cocaine use for any
substantial period time unless she was in jail. 
            Appellant also testified at the guilty plea hearing. She had spoken with her attorney many
times about the case and was aware of the consequences of her guilty plea. When asked about the
offense, Appellant said that she did not recall “what really happened” because she had stopped taking
her medicine shortly before the offense. Counsel argued to the court that the offense was related to
Appellant’s mental illness and she would benefit from community-based supervision. The trial court
determined that Appellant’s guilty plea and her plea of true to the enhancement paragraph were
freely, knowingly, and voluntarily made, and he accepted her plea. The court assessed Appellant’s
punishment at imprisonment for fifteen years. Appellant filed a general motion for new trial but she
did not raise the ineffective assistance of counsel claim presented on appeal. 
INEFFECTIVE ASSISTANCE OF COUNSEL
            In her sole point of error, Appellant contends that trial counsel rendered ineffective assistance
by failing to request that she be allowed to withdraw her guilty plea and by failing to request that she
be convicted of the lesser included offense of theft from a person.
Standard of Review
            We review claims of ineffective assistance of counsel under a two-pronged test. First, an
appellant must establish counsel’s performance fell below an objective standard of reasonableness
under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 693-94, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984); Mallett v. State, 65 S.W.3d 59, 62-63 (Tex.Crim.App. 2001). Second, 
the defendant must establish that counsel’s deficient performance prejudiced the defense. Strickland,
466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994). Prejudice is established by a showing that there is a reasonable probability
that but for counsel’s unprofessional errors, the result of the proceeding would have been different.
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Mallett, 65 S.W.3d at 62-63. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. Mallett,
65 S.W.3d at 63. Claims of ineffective assistance must be proved by a preponderance of the
evidence. Bone v. State, 77 S.W.3d 828, 836 (Tex.Crim.App. 2002).
            When we review a claim of ineffective assistance, we must indulge a strong presumption that
counsel’s conduct falls within the wide range of reasonable, professional assistance, and the
appellant must overcome the presumption that the challenged conduct can be considered sound trial
strategy. Jackson, 877 S.W .2d at 771. Allegations of ineffectiveness of counsel must be firmly
founded in the record. Mallett, 65 S.W.3d at 63, citing Thompson v. State, 9 S.W.3d 808, 814
(Tex.Crim.App. 1999). The record on direct appeal will generally be insufficient to show that
counsel’s representation was so deficient as to meet the first prong of the Strickland standard because
the reasonableness of counsel’s choices often involve facts that do not appear in the appellate record. 
Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003); Mallett, 65 S.W.3d at 63. An
appellant challenging trial counsel’s performance therefore faces a difficult burden and a substantial
risk of failure. Thompson v. State, 9 S.W.3d 808, 813 (Tex .Crim.App. 1999). 
Failure to Seek Withdrawal of the Guilty Plea
            Appellant first argues that counsel rendered deficient performance by failing to request that
the guilty plea be withdrawn after she testified that she did recall the specifics of the offense.
Appellant contends that this testimony indicates that her guilty plea was not knowingly and
voluntarily made.
            Appellant’s testimony that she did not recall “what really happened” does not necessarily
render her guilty plea involuntary. While she apparently did not recall the specifics of the offense,
she did not deny committing the offense or otherwise protest her innocence. To the contrary,
Appellant told the trial court that she was pleading guilty freely and voluntarily and she had
committed the offense exactly as alleged in the indictment. The record also reflects that Appellant
was properly admonished by the trial court. This establishes a prima facie case that the plea was
knowing and voluntary. Mallett, 65 S.W.3d at 64. Appellant has therefore failed to establish the
first prong of Strickland because the record is silent regarding counsel’s reasons for not requesting
that the guilty plea be withdrawn. Id. Although we are not required to speculate as to counsel’s
strategy, it is possible that defense counsel believed he could not rebut the recitations in the record
that Appellant’s plea was freely and voluntarily entered. Id. at 64-65 (rejecting claim of ineffective
assistance of counsel for failure to request withdrawal of guilty plea where defendant entered plea
of guilty to assaulting peace officer by backing tractor rig into patrol car, but subsequently testified
that he did not intend to drive into the officer’s car).
Consideration of Defensive Evidence
            Appellant next asserts that counsel should have requested that the trial court find her guilty
of the lesser included offense of theft from a person based on Detective Lunberg’s testimony that
Fleming had denied suffering any bodily injury. She contends that failure to make this argument
prevented Appellant from “even being considered for conviction of the lesser included state jail
felony.”
            Lunberg’s testimony that Fleming reportedly did not suffer bodily injury is not evidence that
Appellant is guilty of a lesser-included offense because the indictment is not based on an allegation
that Appellant caused bodily injury to Fleming. A person commits robbery if, in the course of
committing theft and with intent to obtain or maintain control of property, he intentionally,
knowingly, or recklessly causes bodily injury to another; or intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death. See Tex.Penal Code Ann. §§
29.02(a)(1), (2)(Vernon 2003). Similarly, a person commits aggravated robbery of an elderly person
if he commits robbery as defined in Section 29.02, and he (1) causes serious bodily injury to another;
(2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or places another
in fear of imminent bodily injury or death. See Tex.Penal Code Ann. §§ 29.03(a)(1), (2), (3). The
indictment in this case alleged that Appellant threatened or placed the complainant in fear of
imminent bodily injury or death. Because the State was not required to prove that Fleming actually
suffered bodily injury, Lunberg’s testimony did not raise the lesser-included offense of theft from
a person.
            Even if the evidence raised the lesser-included offense, trial counsel’s failure to argue the
issue did not, as Appellant claims, prevent the trial court from even considering the possibility. 
When the defendant waives her right to a jury trial and enters a guilty plea, the trial court is
authorized to consider the evidence adduced during the guilty plea and find the defendant guilty as
charged in the indictment, find the defendant guilty of a lesser offense and assess the appropriate
punishment, or find the defendant not guilty. See Aldrich v. State, 104 S.W.3d 890, 893
(Tex.Crim.App. 2003); Moon v. State, 572 S.W.2d 681, 682 (Tex.Crim.App. 1978)(op. on reh’g). 
            The trial court engages in this review of the evidence with or without a request by counsel. 
Consequently, counsel’s failure to specifically argue at the guilty plea hearing that Appellant should
be found guilty of the lesser included offense did not preclude the trial court from considering the
evidence or finding her guilty of theft. For these reasons, we conclude that Appellant has failed to
satisfy the first prong of Strickland. We overrule the sole point of error and affirm the judgment of
the trial court.


October 19, 2006                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before McClure, J., Chew, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment

(Do Not Publish)