Opinion issued February 14, 2008













Opinion issued February 14,
2008

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS.          01-06-01166-CR;
01-06-01167-CR;

01-06-01168-CR; & 01-06-01169-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



HARVEY BERNARD SMITH, Appellant

 

V.

 

STATE OF TEXAS,
Appellee

 

 



On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 1022096, 1022097, 1078990,
& 1078991

 








 



MEMORANDUM OPINION

 

After Harvey Bernard Smith, without
an agreed recommendation from the State, pleaded guilty to two separate charges
of aggregate theft and two separate charges of making a false statement to
obtain credit, the trial court sentenced Smith to thirty-five years’
imprisonment for the aggregate theft offenses and ten years’ imprisonment for
the false statement to obtain credit offenses, to run concurrently.  In his sole issue on appeal, Smith contends
that the trial court erred in failing to withdraw his guilty pleas sua sponte.  Finding no error, we affirm.     

Background

Smith’s involvement in a series of
mortgage and car loan fraud schemes led to his arrest.  At the time of his pleas, the trial court
found that sufficient evidence supported his guilt, but withheld a finding of
guilt in each count and ordered a presentence investigation (PSI) report.  

Four months later, when the PSI
report was ready, and after the State amended two of the indictments to comport
with amendments to Smith’s judicial confessions, Smith re-entered guilty pleas
and waived his right to trial by jury. 
The court fully admonished Smith pursuant to Code of Criminal Procedure
article 26.13(d) regarding his rights and the effects of the guilty pleas.  After Smith acknowledged that he understood
those admonishments, the trial court again found evidence to substantiate
guilt, but declined to make any findings of guilt until after the punishment
hearing.

In
the punishment hearing, the State called witnesses to testify to Smith’s
involvement in the schemes that led to his criminal charges.  In cross-examining the State’s witnesses,
Smith consistently reiterated that the schemes were merely risk-prone
investments that went bad.  The trial
court announced its findings of guilt. 
Before sentencing Smith, the trial court asked defense counsel if there
was any legal reason that the court should not do so.  Both times, counsel responded that there was
not.  Smith did not move for new trial,
but timely filed this appeal.  

Discussion

In his sole point of error, Smith
asserts that the trial court abused its discretion in not withdrawing his
guilty pleas sua sponte because he
made an affirmative showing that he was not guilty of the charged offenses.[2]  Smith contends that he made such a showing
in: (1) a letter from defense counsel to the court; (2) defense counsel’s
sentencing memorandum; and (3) his own written statement included in the PSI
report.  These documents contain
statements denying Smith’s involvement in certain activities that led to the
indictments, as well as denying that he had criminal intent.  

A defendant may withdraw
his plea as a matter of right until the trial court either pronounces judgment
or takes the case under advisement.   Jackson v. State, 590 S.W.2d 514, 515 (Tex.
Crim. App. 1979); Labib v. State, 239
S.W.3d 322, 331 (Tex.
App.—[1st Dist.] 2007, no pet.).  After
either point, however, a defendant’s withdrawal of his guilty plea is subject
to the sound discretion of the court.  Jackson,
590 S.W.2d at 515.   A trial court abuses its discretion only when its ruling lies
outside the “zone of reasonable disagreement.” 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).   

After a trial court has
admonished the defendant, received the plea and evidence, and passed the case
for a pre-sentence investigation, the case has been taken under advisement.  Houston v. State,
201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006,
no pet.).  The three documents relied on
by Smith were all filed after his case was taken under advisement.  Therefore, Smith could not have withdrawn his
pleas as a matter of right, even if he had specifically requested to do
so—which, as Smith concedes, he did not.

The documents contain statements
that, to some extent, conflict with Smith’s guilty pleas.  As Smith recognizes, the Court of Criminal
Appeals eliminated any judicial duty to change a defendant’s plea from guilty
to not guilty in the absence of an affirmative request from the defendant.  See
Mendez v. State, 138 S.W.3d 334, 336 (Tex. Crim. App. 2004) (“We hold that
a defendant has a right on timely request to change the plea, but that a court
has no duty to do it on the court’s own motion.”).  Smith nevertheless points to language in Mendez that requires a defendant who has
waived his constitutional right to plead innocent “to take some affirmative
action to don the armor [of constitutional rights] again,” see id. at 350, and asks that we construe
his written protestations as an affirmative request to withdraw his guilty
pleas.  We decline this request.  

In clarifying the law in this area,
the Court of Criminal Appeals in Mendez
sought to eliminate any uncertainty concerning the extent of the trial court’s
responsibility by placing squarely on the defendant “the requirement of timely
seeking, in one way or another, to withdraw the plea of guilty.”  Id. The Court
observed that this requirement properly places the duty to withdraw a guilty
plea on the defendant alone because:

[t]he
number of cases in which defendants want to “unwaive” their right to plead not
guilty is small, the appearance of evidence that is inconsistent with guilt is
unpredictable, the significance of such evidence should be more apparent to the
defense than to the trial court, and cases are common in which there is some
evidence in the defendant’s favor, but the defendant . . . had validly chosen
to plead guilty after weighing the advantage of such a plea against the chance
of acquittal.

Id. 
In Mendez, as here, the
defendant was cognizant of the inconsistency between his guilty plea and his
own statements, and we likewise are aware of the inconsistencies between
Smith’s statements and other evidence adduced at the punishment hearing.  See id.  Like the defendant in Mendez, Smith “did not ask to withdraw his plea.  If it had been in his interest to do so, he
would have known it.”  Id.  Smith’s counsel instead informed the trial court
that he knew of no legal reason why Smith should not be sentenced.  In accordance with Mendez, we conclude that, by failing to raise this issue in the
trial court, Smith waived his right to complain about it on appeal.  See id.
at 338–39 (citing Tex. R. App. P.
33.1).  

We also observe that,
unlike the defendant in Mendez, Smith
waived his right to have a jury decide his punishment.  Compare
id. at 350.  Consequently, the trial court had the
discretion to evaluate any evidence that might reasonably and fairly have raised
an issue as to his guilt without withdrawing Smith’s pleas.  See
Aldrich v. State, 104 S.W.3d 890, 893
(Tex. Crim. App. 2003) (holding that court had authority to consider fact and
decide that evidence did not create reasonable doubt as to guilt or find
defendant guilty of lesser offense); Moon
v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978);[3] Rivera v. State, 123 S.W.3d 21, 32–33
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (“The trial court is not
required to withdraw a plea of guilty sua sponte and enter a plea of not
guilty for a defendant when the defendant enters a plea of guilty before the
court after waiving a jury, even if evidence is adduced that reasonably and
fairly raises an issue as to his guilt.”). 
Nothing in the record suggests that the trial court did not properly
exercise its discretion in this case.    

Conclusion

 

          Finding
no error, we affirm the judgment of the trial court.

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  See
Tex. R. App.
P. 47.2(b).

 

 











[2] Smith does not contest the voluntary nature of his
pleas or question the effectiveness of trial counsel.





[3] In Moon v. State,
the Court of Criminal Appeals removed the requirement of a sua sponte withdrawal of guilty plea in a bench trial, explaining
that:

 

The 1965 Code of Criminal Procedure provides that a
defendant may waive a jury trial and enter a plea of not guilty before the
court in all except capital cases. . . . 
There now seems to be no valid reason for the court to withdraw the
guilty plea and enter a plea of not guilty for the defendant when the defendant
enters a plea of guilty before the court after waiving a jury.  It is the duty of the trial court to consider
the evidence submitted and as the trier of the facts the court may find the
appellant guilty of a lesser offense and assess the appropriate punishment or
it may find the defendant not guilty.  It
would serve no purpose to withdraw the plea of guilty and enter a not guilty
plea.

 

572 S.W.2d 681, 682
(Tex. Crim. App. 1978).