11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Don Curtis Grooms

Appellant

Vs.                   No.
11-01-00203-CR B Appeal from Taylor County

State of Texas

Appellee

 

Appellant
pleaded guilty to sexual assault, and the trial court assessed punishment at 20
years confinement.  In his sole point of
error, appellant argues that there was no evidence that appellant knew that the
victim lacked the mental capacity to consent to the act.  We affirm.

Legal
Sufficiency of the Evidence

Evidence
is legally sufficient when, viewed in the light most favorable to the
prosecution, it is sufficient to permit a rational trier of fact to find all
the essential elements of the charged crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 

TEX. PEN.
CODE ANN. ' 22.011(b)(4) (Vernon Supp. 2001) provides
that A[a] sexual assault under Subsection (a)(1) is
without the consent of the other person if@:

the actor
knows that as a result of mental disease or defect the other person is at the
time of the sexual assault incapable either of appraising the nature of the act
or of resisting it.

 

Appellant
claims that there was no evidence to support a finding that he knew that the
victim was incapable of appraising the nature of the act or of resisting it and
that, therefore, the evidence was insufficient to support his guilty plea.  However, the record reflects that appellant
signed a sworn, written stipulation of evidence judicially confessing all of
the elements of the offense.  A
stipulation as to what witnesses would testify to had they been present at
trial is sufficient to support a conviction in the context of TEX. CODE CRIM. PRO.
ANN. art. 1.15 (Vernon Supp. 2001). 
Stone v. State, 919 S.W.2d 424, 426 (Tex.Cr.App.1996).








Appellant
also argues that his testimony during the sentencing phase contradicted his
guilty plea and that the trial court should have withdrawn his guilty plea sua
sponte.  Appellant=s testimony did not contradict his guilty
plea.  To the contrary, appellant=s testimony confirmed that he was aware of
the victim=s lack of capacity to consent.  Moreover, the trial was before the trial
court; and the trial court, as fact finder, was not required to withdraw
appellant=s guilty plea sua sponte even if evidence
contradicting the guilty plea had been introduced.  Moon v. State, 572 S.W.2d 681, 682 (Tex.Cr.App.1978). 

We hold
that the evidence was legally sufficient to show that appellant knew that the
victim=s mental capacity made her incapable of
appraising the nature of the act or of resisting it.  We overrule appellant=s sole point of error.

This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

December 6, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.