COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-252-CR

 

 

ROBERT
ARMSTRONG                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Robert Armstrong appeals his conviction
for murder.  In two points, Armstrong
argues that the trial court erred by failing to sua sponte enter a plea of not
guilty when the evidence raised the issue of his innocence and that he was
denied his right to due course of law under the state constitution.  We will affirm.








Armstrong entered an open plea of guilty to the
State=s
allegation in the indictment that he Aintentionally,
with the intent to cause serious bodily injury to Stephen Hughett, commit[ted]
an act clearly dangerous to human life, namely, by hitting [Hughett] with his
hand or his hands, or by kicking him with his foot, or by hitting him with a BB
gun, which caused@ Hughett=s
death.  Armstrong also signed written
plea admonishments, a judicial confession admitting guilt, and a written waiverCjoined
by his attorneyCwaiving his right to a jury
trial and other rights given to him by law. 
The trial court accepted Armstrong=s plea
and deferred his sentencing until after a presentence investigation report had
been prepared.

Testimony at punishment showed that Armstrong
beat Hughett on his arm, head, and ribs before leaving him at an isolated
location.  Investigators found blood in
numerous places around the room in the house where Hughett lived, including on
the wall, a mattress, a computer, a door, the doorknob, a flag, and the
floor.  Hughett=s
decomposing body was later discovered, scavenged by animals.  The medical examiner=s office
performed an autopsy on Hughett, ruled the manner of death a homicide, and
determined the cause of death to be blunt force traumatic injuries; Hughett
sustained trauma to his head and brain and injuries to his chest wall and ribs.








Armstrong testified that in the course of his
confrontation with Hughett, he struck Hughett on the arm with a BB gun,
exchanged punches with him, and kicked him. 
After the confrontation, Hughett merely had a bloody nose and Aseemed a
little dazed.@ 
Thereafter, Armstrong and another person put Hughett in the bed of
Armstrong=s truck and took him Aa little
ways away from the house,@ not intending to dump him
someplace where he would die and never be found.  Armstrong testified that he removed a
still-alive Hughett from his truck, placed him on the edge of the road, and
left.

During closing argument, Armstrong=s
counsel pointed out that Hughett had enough methamphetamine in his blood to
cause seizures and convulsions, that the blood in Hughett=s room
could have come from Hughett=s bloody
nose, and that Hughett=s death could have been caused
by his falling approximately eight to nine feet from an incline near the place
Armstrong left him.  The trial court
found Armstrong guilty and sentenced him to forty-five years=
confinement.








In his first point, Armstrong argues that the
trial court erred by failing to sua sponte enter a plea of not guilty when the
evidence raised the issue of his innocence. 
In his second, related point, Armstrong argues that the trial court
violated his right to due course of law under the state constitution when it
failed to sua sponte withdraw his guilty plea once the evidence showed that he
had pleaded guilty to a crime not recognized by the State of Texas.  Armstrong argues that he Adid not
cause the death of [Hughett], rather he died from an unrelated fall.  The trial court had an obligation to withdraw
the plea of guilty.@[2]

Although a defendant has a right to withdraw his
guilty plea in a timely fashion, the trial court has no duty to sua sponte
withdraw the plea in the absence of such a request.  Mendez v. State, 138 S.W.3d 334, 345,
350 (Tex. Crim. App. 2004); see Moon v. State, 572 S.W.2d 681, 682 (Tex.
Crim. App. 1978) (op. on reh=g).  If a defendant does not make a timely request
to withdraw his plea, he forfeits his right to complain on appeal that the
trial court should have done it for him. 
Mendez, 138 S.W.3d at 350 (AIt is
reasonable to put on such a defendant the requirement of timely seeking . . .
to withdraw the plea of guilty.  The
appellant not having done so, he may not complain for the first time on appeal
that the trial court did not do it for him.@); Martinez
v. State, No. 02-04-00019-CR, 2004 WL 1798091, at *2 (Tex. App.CFort
Worth Aug. 12, 2004, no pet.) (mem. op., not designated for publication).








Here, Armstrong pleaded guilty to murder, and he
signed written plea admonishments and a judicial confession admitting
guilt.  During his testimony, he affirmed
that he was Astanding by@ his
guilty plea, that he knew Hughett died as a result of his injuries, that he
understood he caused Hughett=s
injuries, and that he was responsible for Hughett=s
death.  There is nothing in the record
indicating that Armstrong ever sought to withdraw his guilty plea.  AIf it
had been in his interest to do so, he would have known it.@  Mendez, 138 S.W.3d at 350.  Therefore, Armstrong has forfeited his two
points, failing to preserve them for appellate review.  See id.; Martinez, 2004 WL
1798091, at *2; see also Rivera v. State, 123 S.W.3d 21, 32B33 (Tex.
App.CHouston
[1st Dist.] 2003, pet. ref=d) (AThe
trial court is not required to withdraw a plea of guilty sua sponte and
enter a plea of not guilty for a defendant when the defendant enters a plea of
guilty before the court after waiving a jury, even if evidence is adduced that
reasonably and fairly raises an issue as to his guilt.@); Bledsoe
v. State, No. 05-03-00230-CR, 2003 WL 21544509, at *1 (Tex. App.CDallas
July 10, 2003, no pet.) (not designated for publication).  We overrule Armstrong=s two
points and affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  MEIER, LIVINGSTON, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 8, 2009











[1]See Tex. R. App. P. 47.4.





[2]Armstrong consolidated
the arguments for his first and second points because they Ainvolve the same law and
facts.@  We will therefore consolidate our analysis of
Armstrong=s first and second
points.