Affirmed and Memorandum Opinion filed January 7, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00137-CR

NO. 14-09-00138-CR

___________________

 

JUAN DOROTEO RIVAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 339th District Court

Harris County,
Texas



Trial Court Cause Nos. 1133954 & 1145253

 



 

 

MEMORANDUM OPINION

            Appellant Juan Doroteo Rivas appeals two convictions
for aggravated assault of a public servant.  In a single issue, he contends the
trial court erred in denying him the right to a jury trial.  We affirm.

            On
May 30, 2007, Houston Police Officers Panagiotis Kopulos and Miguel Dominguez
were on patrol when they observed appellant and two other individuals illegally
cross the street.  After Officer Kopulos detained one of the individuals,
appellant raised a gun and pointed it toward Officer Kopulos.  As Officer Dominguez
struggled with appellant for control of the weapon, appellant attempted to
shoot Officer Dominguez narrowly missing the left side of his face.  As a
result, Officer Dominguez suffered gunpowder burns to his face.  

            Appellant
entered a plea of guilty to two charges of aggravated assault of a public
servant without an agreed recommendation from the prosecutor.  The trial court
requested that a presentence investigation report be prepared and held a
punishment hearing after preparation of the report.  Near the end of the first
day of the punishment hearing, the trial court stated that it would not accept
appellant’s guilty plea because it appeared from appellant’s statement that he
was denying guilt.  The court stated:

And, essentially, the Defense’s position is that the
Defendant is not guilty; and the Court will not accept his plea of guilty to
either charge.  This case is back on my trial docket like it was before.

Two weeks later, the court reconvened the punishment
hearing with the following remarks:

Let the record further reflect that we were in the midst of
a hearing on this case on December 16th, 2008.  The Court stopped the
Presentence Investigation Hearing as the Defense memorandum raised some issues
of concern by this Court that the Defendant was, in fact, not guilty.  And the
Court at that juncture was concerned about proceeding onward with the PSI
hearing if that was going to be the Defendant’s position.

My understanding is that after we adjourned for the day
that, [defense counsel], you consulted with your client and he wished to
continue with this hearing and provide some additional information to the Court
and was, in fact, pleading guilty and accepting responsibility for the
offenses, but wished to present some, for lack of a better word, I guess,
mitigation in his defense.

Is that essentially where we are?

[Defense counsel]:  That’s true, Your Honor.  That’s
correct.

THE COURT:  All right.  And so the Court will simply
continue the hearing that was begun on December the 16th, considering all of
the testimony that had been adduced prior to that point, and we will continue
onward today by agreement of the parties.

Appellant withdrew his previous sentencing memorandum
in which he raised his innocence.  At the conclusion of the hearing, the trial
court found appellant guilty and sentenced him to 40 years in prison on each
charge.

In a single issue, appellant contends the trial court
erred in denying appellant his right to a jury trial.  Appellant argues that
when the trial court originally rejected appellant’s guilty plea and set the
case on the trial docket, appellant’s guilty plea was effectively withdrawn by
the trial court and the court could not find appellant guilty without requiring
“re-entry” of appellant’s plea along with his express waiver of the right to a
jury.  

If a defendant waives a jury and pleads guilty before
the trial court, and evidence is presented, and not later withdrawn,
that makes evident the innocence of the defendant or that reasonably and fairly
raises an issue as to the defendant’s guilt, then it is the duty of the trial
court to consider the evidence submitted, and the trial court, as the trier of
fact, may find the defendant guilty, not guilty, or guilty of a lesser included
offense.  Aldrich v. State, 104 S.W.3d 890, 892–93 (Tex. Crim. App.
2003); Moon v. State, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978).  A
defendant has a right to timely request to change his plea, but a court has no
duty to do so on its own motion.  Mendez v. State, 138 S.W.3d 334, 336
(Tex. Crim. App. 2004).  A defendant who has waived his constitutional right to
plead not guilty must take some action to “don the armor again.”  Id. at
350.  Consequently, the trial court had the discretion to evaluate any evidence
that might reasonably and fairly have raised an issue as to his guilt without withdrawing
appellant’s plea.  See Aldrich, 104 S.W.3d at 893.  

In this case, the court, upon reading appellant’s
statement, exercised its discretion and refused his guilty plea.  Two weeks
later, after consulting with his attorney, appellant chose to withdraw his
statement and continue with the presentence investigation hearing.  Appellant
did not ask to withdraw his plea, but requested to continue the sentencing
hearing.  The trial court was within its discretion to find appellant guilty
and assess punishment.  Appellant’s sole issue is overruled.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).