

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-77,485-01

### EX PARTE SERENA STAGLIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W08-01156-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4 FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The conviction and sentence were affirmed on direct appeal in an unpublished opinion. *Staglin v. State*, No. 05-08-01639-CR (Tex. App.—Dallas Jan. 28, 2011).

After the State indicted Applicant for capital murder, the charge was reduced to recklessly causing serious bodily injury to a child, a second-degree felony, in exchange for Applicant's agreement to enter an open plea of guilty to the reduced offense. Applicant judicially confessed and entered an open guilty plea, and the trial court accepted it, found her guilty, and proceeded to hear evidence regarding punishment. Applicant gave testimony that was contrary to her judicial

confession, and the trial court concluded that her innocence had been reasonably and fairly raised and that the evidence of her innocence had not been withdrawn. *See Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978); *Martin v. State*, No. PD-0498-04 (Tex. Crim. App. Mar. 2, 2005).The trial court informed Applicant and trial counsel that it intended to withdraw the guilty plea on the reduced offense and would set the capital murder case for trial, but the court gave trial counsel an opportunity to discuss the matter with Applicant so that the guilty plea could be revived. Applicant never withdrew her problematic testimony, and the trial court withdrew Applicant's guilty plea. The State later re-indicted her for capital murder, and she was found guilty; a life sentence without the possibility of parole was assessed.

In her application for a writ of habeas corpus, Applicant contends, *inter alia*, that her trial counsel rendered ineffective assistance. She states that trial counsel failed to discuss the matter with her so that the guilty plea could continue and so that she would be sentenced within the second-degree punishment range. She testified at an evidentiary hearing that she would have withdrawn her problematic testimony had counsel discussed it with her. The trial judge who sat over the failed plea-hearing states that had Applicant withdrawn her problematic testimony and gone forward with the guilty plea, he would have assessed a sentence within the second-degree punishment range. The habeas court recommends that relief be granted, and based on an independent review of the writ record, this Court agrees.

The judgment in Cause No. F-08-01156-K in the Criminal District Court No. 4 of Dallas County that finds Applicant guilty of capital murder is set aside, and the trial court is ordered to enter a conviction in the cause for reckless injury to a child, which is a second-degree felony. The trial court shall then conduct a punishment hearing and assess punishment. Applicant is remanded to the custody of the Sheriff of Dallas County to answer the indictment in accordance with this opinion,

and the trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: December 18, 2013
Do not publish