IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,485-01






EX PARTE SERENA STAGLIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W08-01156-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4


FROM DALLAS COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The conviction and sentence were affirmed on direct appeal in
an unpublished opinion. Staglin v. State, No. 05-08-01639-CR (Tex. App.--Dallas Jan. 28, 2011).

 After the State indicted Applicant for capital murder, the charge was reduced to recklessly
causing serious bodily injury to a child, a second-degree felony, in exchange for Applicant's
agreement to enter an open plea of guilty to the reduced offense. Applicant judicially confessed and
entered an open guilty plea, and the trial court accepted it, found her guilty, and proceeded to hear
evidence regarding punishment. Applicant gave testimony that was contrary to her judicial
confession, and the trial court concluded that her innocence had been reasonably and fairly raised
and that the evidence of her innocence had not been withdrawn. See Moon v. State, 572 S.W.2d 681
(Tex. Crim. App. 1978); Martin v. State, No. PD-0498-04 (Tex. Crim. App. Mar. 2, 2005).The trial
court informed Applicant and trial counsel that it intended to withdraw the guilty plea on the reduced
offense and would set the capital murder case for trial, but the court gave trial counsel an opportunity
to discuss the matter with Applicant so that the guilty plea could be revived. Applicant never
withdrew her problematic testimony, and the trial court withdrew Applicant's guilty plea. The State
later re-indicted her for capital murder, and she was found guilty; a life sentence without the
possibility of parole was assessed.

 In her application for a writ of habeas corpus, Applicant contends, inter alia, that her trial
counsel rendered ineffective assistance. She states that trial counsel failed to discuss the matter with
her so that the guilty plea could continue and so that she would be sentenced within the second-degree punishment range. She testified at an evidentiary hearing that she would have withdrawn her
problematic testimony had counsel discussed it with her. The trial judge who sat over the failed plea-hearing states that had Applicant withdrawn her problematic testimony and gone forward with the
guilty plea, he would have assessed a sentence within the second-degree punishment range. The
habeas court recommends that relief be granted, and based on an independent review of the writ
record, this Court agrees.

 The judgment in Cause No. F-08-01156-K in the Criminal District Court No. 4 of Dallas
County that finds Applicant guilty of capital murder is set aside, and the trial court is ordered to enter
a conviction in the cause for reckless injury to a child, which is a second-degree felony. The trial
court shall then conduct a punishment hearing and assess punishment. Applicant is remanded to the
custody of the Sheriff of Dallas County to answer the indictment in accordance with this opinion,
and the trial court shall issue any necessary bench warrant within 10 days after the mandate of this
Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: December 18, 2013

Do not publish