**Opinion filed February 7, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00074-CR

_____

## MICHAEL HOMER REYNA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR24380**

## M E M O R A N D U M   O P I N I O N

After an agreed unified bench trial, the trial court convicted Michael Homer Reyna, upon his open plea of "no contest," of the second-degree felony offense of indecency with a child. Appellant entered a plea of "not true" to an enhancement allegation. The trial court found the enhancement allegation to be true and assessed Appellant's punishment at confinement for twenty years. Appellant brings two

issues on appeal, both of which are related to the effectiveness of his plea of no contest. We affirm.

Appellant urges in Issue One that the trial court erred when it failed to consider all the evidence at the time it accepted his no-contest plea. Appellant bases his claim on an argument that, because the evidence at trial created a fact issue on an essential element of the offense charged, the trial court should not have accepted his plea.

The evidence at trial established that the alleged offense took place at Appellant's cousin's home in Brownwood. B.R.,[1] the victim, went to Appellant's cousin's home to visit and stay the night with Appellant's cousin, J.M.; Appellant was there too. B.R. and J.M. fell asleep on the couch in the living room, and Appellant fell asleep on the floor near the couch. Sometime during the night, J.M. got up and went to her bedroom; B.R. and Appellant were then alone in the living room. B.R. testified that, at some point during the night, she woke up because Appellant asked her to "come here." B.R. testified that, when she did, Appellant kissed her on her lips, rubbed her sexual organ from outside her clothes, and told her not to tell anyone. B.R. left the living room and immediately told J.M.'s sister, who reported it to her mother. After B.R.'s mother found out about the incident, she reported it to the police.

Harold Thomas, a detective for the Brownwood Police Department, interviewed Appellant. Detective Thomas testified that Appellant said that, although he was alone with B.R. in the living room, he did not have any physical contact with her. Appellant also told Detective Thomas that it was not until the next morning that he realized that B.R. was on the couch.

---

[1]Brooke Reynolds was a pseudonym used in the trial court to protect the identity of the victim.

After Detective Thomas had interviewed Appellant, Department of Public Safety Trooper Anthony Bennett, along with Detective Thomas, interviewed Appellant. Appellant did not tell Trooper Bennett the same story that he had told Detective Thomas, even though Detective Thomas was present at the second interview. Detective Thomas and Trooper Bennett both testified that, in the second interview, Appellant admitted that he had engaged in physical contact with B.R. but that Appellant said that B.R. had initiated it. Detective Thomas and Trooper Bennett also testified that Appellant claimed that B.R. grabbed Appellant's hand and brought it into contact with B.R.'s "vaginal area." Appellant told Trooper Bennett that he rejected B.R.'s advance and that he had not kissed her.

On appeal, Appellant asserts that Detective Thomas and Trooper Bennett both testified about Appellant's pretrial denials of the offense. Those pretrial denials, Appellant claims, created fact issues as to the sexual contact element of the offense. Appellant argues that the trial court erred when it failed to consider those denials when it accepted his plea.

In the trial court, Appellant did not claim that the trial court should have stated explicitly that it had considered all the evidence. As a result, Appellant has waived his complaint. TEX. R. APP. P. 33.1(a); *Taylor v. State*, No. 11-10-00264-CR, 2011 WL 2991851, at *3 (Tex. App.—Eastland July 21, 2011, pet. ref'd) (mem. op., not designated for publication).

Even if Appellant did not waive his complaint, he cannot prevail. Initially, Appellant does not refer us to anything in the record that would support a conclusion that the trial court did not consider all the evidence.

Appellant suggests that the trial court should have affirmatively stated for the record that it considered all the evidence when it found him guilty. He relies upon

*Moon v. State*, 572 S.W.2d 681 (Tex. Crim. App. 1978), and TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005) to support his contention.

*Moon* stands for the proposition that a trial judge in a bench trial has no sua sponte duty to withdraw a plea of guilty or nolo contendere—even when evidence inconsistent with a defendant's plea is presented. *Id.* at 682; *see Aldrich v. State*, 104 S.W.3d 890, 893–94 (Tex. Crim. App. 2003). Under *Moon*, the trial court in a bench trial is only required to consider all the evidence submitted and, as the finder of fact, determine a defendant's guilt and punishment. *Moon*, 572 S.W.2d at 682; *see Aldrich*, 104 S.W.3d at 894. However, we find nothing in *Moon*, nor in Article 1.15, to support an argument that a trial court must expressly state that it considered all the evidence. *Taylor*, 2011 WL 2991851, at \*3. We overrule Appellant's first issue on appeal.

Appellant argues in his second issue on appeal that he "effectively withdrew" his plea. Appellant admits that he did not ask the trial court to withdraw his plea, but he contends that Detective Thomas's testimony and Trooper Bennett's testimony, in which they testified about Appellant's pretrial denials of the offense, effectively served as a withdrawal of his plea. Appellant cites *Mendez* in support of his position. *Mendez v. State*, 138 S.W.3d 334 (Tex. Crim. App. 2004). However, the court in *Mendez* held that, after a defendant waives his right to plead not guilty, he must timely seek to withdraw his plea before he may reclaim his right to plead not guilty—he must "take some affirmative action to don the armor again." *Id.* at 350; *see* CRIM. PROC. art. 27.02 (West 2006) (plea of guilty and nolo contendere are of the same legal effect). The record does not show that Appellant took any affirmative action to withdraw his plea of no contest in the trial court. Evidence of pretrial denials does not constitute an affirmative withdrawal of a defendant's plea of guilty or no contest. We overrule Appellant's second issue on appeal.

We affirm the judgment of the trial court.



JIM R. WRIGHT

SENIOR CHIEF JUSTICE


February 7, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.